## TERRY *v.* SHARON.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE NORTHERN DISTRICT OF CALIFORNIA.

No. 1462. Submitted April 8, 1889. — Decided May 13, 1889.

In a bill in equity in a Circuit Court of the United States to revive, in the
name of the executor of the plaintiff, a suit in equity which had gone to
final decree, a decree of revival, entered after due notice to defendants,
and after their appearance and pleading to the bill, is a final decree, from
which an appeal lies to this court.

When a cause in equity in a Circuit Court, from which an appeal would lie
to this court, has gone to final decree, and the executor of the plaintiff
files his bill in that court to revive the suit in his name, and his prayer is
granted, and an appeal is taken from the decree granting it, this court
will not, on the hearing of that appeal, consider the merits of the original
case, nor the jurisdiction of the court below over it if there is sufficient
in the record to give an apparent jurisdiction.

THIS was a motion to dismiss for want of jurisdiction, be-
cause the order or decree from which the appeal was taken
was not a final decree.

To this motion was also added, under rule 6, (108 U. S. 575,)
a motion to affirm on the ground that, although the record in
the said cause might show that this court had jurisdiction in
the premises, yet it was manifest that said appeal was taken
for delay only, and that the question on which such jurisdic-
tion depends was so frivolous as not to need further argument.

The case was stated by the court as follows:

This is an appeal from the Circuit Court of the United States
for the Northern District of California, and is now before us
upon a motion on the part of the appellee to dismiss the appeal
or to affirm the decree below.

The appeal, which was the subject of this dual motion, is
from an order of the Circuit Court, reviving a suit in equity
after a final decree in the case had been made and after the
death of William Sharon, the plaintiff in that suit. Sharon

died after the case had been submitted to the court but before its decision, and the court, finding in his favor, ordered the decree to be entered *nunc pro tunc*, as of the date of submission. The object of the original suit was to have a decree, declaring the nullity and invalidity of a certain instrument in writing purporting to be a declaration of marriage between the complainant, William Sharon, and Sarah Althea Hill, the defendant. The decree which was rendered in that case declared that said instrument was false, fabricated, forged, fraudulent, and utterly null and void, and directed that it be cancelled and set aside. It further decreed, that upon twenty days' notice of the decree to the respondent, or to her solicitors, the instrument be delivered by the respondent to and deposited with the clerk of the court to be indorsed "Cancelled;" and the defendant was perpetually enjoined from alleging its genuineness or validity, or making any use of the same in evidence or otherwise to support any right or claim under it. The decree itself was rendered on November 23, 1885, and was entered as of September 29 of that year, the date of submission.

On March 12, 1888, Frederick W. Sharon, as executor of William Sharon, deceased, filed his bill of revivor in the cause, setting forth the fact of the death of William Sharon, and that he left a will, which was duly probated, and on which letters testamentary had issued to him as executor; that the so-called declaration of marriage had not been delivered for cancellation, as ordered by the decree; and that the plaintiff feared the defendant would claim and seek to enforce property rights as the wife of William Sharon, by virtue of said written declaration of marriage. The bill of revivor further stated that on January 7, 1885, the defendant, Sarah Althea Hill, had intermarried with David S. Terry, and he was accordingly made a defendant with her to the bill of revivor. It prayed, therefore, that the suit might be revived in his name as executor, and that the defendants be required to show cause why the original suit and proceedings should not stand revived against them.

To this bill of revivor the defendants interposed a demurrer which stated, among other things, that the court had no juris-

diction of the subject matter of the suit, and no jurisdiction to grant the relief prayed for in the bill, or any part thereof, and that the bill did not contain any matter of equity whereon the court could ground any decree or give to the plaintiff any relief against the defendants, or either of them.

The Circuit Court entered an order overruling the demurrer, and reviving the suit in the name of Frederick W. Sharon, as executor of William Sharon, and against Sarah Althea Terry and David S. Terry, her husband, and ordering that the executor have the full benefit, rights and protection of the decree, and full power to enforce the same against the defendants, and each of them, in all particulars. It is from this order that the present appeal is taken.

*Mr. Henry E. Davis* and *Mr. Samuel M. Wilson* for the motions.

*Mr. Samuel Shellabarger* and *Mr. J. M. Wilson* opposing.

I. When a court renders a judgment in a proceeding where it is absolutely without jurisdiction, the whole proceeding being a nullity, is open to attack collaterally. *Mansfield &c. Railway* v. *Swann,* 111 U. S. 379; *In re Sawyer,* 124 U. S. 220; *Elliott* v. *Piersol,* 1 Pet. 328; *Wilcox* v. *Jackson,* 13 Pet. 498; *Hickey* v. *Stewart,* 3 How. 750; *Thompson* v. *Whitman,* 18 Wall. 467; *Rose* v. *Himely,* 4 Cranch, 241; *Griffith* v. *Frazier,* 8 Cranch, 9; *Thompson* v. *Tolmie,* 2 Pet. 157; *Voorhies* v. *Bank of United States,* 10 Pet. 449; *Wilcox* v. *McConnell,* 13 Pet. 498; *Shriver* v. *Lynn,* 2 How. 43; *Williamson* v. *Berry,* 8 How. 495.

II. The relief prayed for in the original bill is that it be decreed that the defendant "is not and never was the wife of" the complainant. Conjugal relations, the existence, the continuance or the dissolution of marital relations are not the subjects of Federal jurisdiction. Suits directed to the determination of the existence or non-existence of these relations are not "suits of a civil nature" as that term is used in the acts conferring jurisdiction upon the Circuit Courts of the United

States. *Barber* v. *Barber*, 21 How. 582; *Frasher* v. *State*, 3 Texas App. 263; *Ex rel. Hobbs*, 1 Woods, 537; *Green* v. *The State*, 58 Alabama, 190; *State* v. *Gibson*, 36 Indiana, 389; *Lonas* v. *The State*, 3 Heiskell, 287; *Johnson* v. *Johnson*, 13 Féd. Rep. 193.

The court will observe that this bill is not directed to the cancellation of any instrument which conveys or which directly affects any property rights cognizable either at law or equity; that it does not seek either directly or otherwise, any decree for any property, or securing any interest therein or title thereto, or demanding any right cognizable in any court of law or equity — unless the right to destroy said instrument be one within the jurisdiction of United States courts of equity; that, on the contrary, the real substance and effect of such pretended equity suit is nothing more than one seeking to put out of the way, and prohibit from being used in state courts or otherwise, a mere item of proof, bearing upon the existence of an alleged marriage relation, such proof being made competent under the laws of California for said purpose; that said item of proof, to wit, the written marriage contract, is not one which, in any way, nearly or remotely, affects any property right of the plaintiff, unless it remotely affects property rights through its tendency to prove complainant's marriage.

These things being carefully observed, and being palpably undeniable, it results from them: (1) That said written contract of marriage is not such an instrument as courts of chancery ever have undertaken to cancel; and to so undertake is no less absurd than for the court to undertake to abolish the knowledge and recollection of such marriage possessed by living witnesses; and (2) that this being the character of the said suit in equity, it is clearly not "a suit of a civil nature at law or in equity" within the sense of these words defining the jurisdiction of the Circuit Court as found in § 629 of the Revised Statutes.

III. Since the courts of the United States have no jurisdiction either over divorce, or over alimony, or over any rights springing out of the relation of marriage, and since such courts

cannot intermeddle with this relation or its rights, can the courts of the United States indirectly decide upon, control, or abolish the existence, the enjoyment, or the dissolution of such marriage relation by a judgment which determines that the relation does not exist, and that the alleged wife shall not be permitted to use, in any court or anywhere else, the evidence of the lawfulness of her alleged marriage?

In other words, the law being that the courts of the United States have no jurisdiction over the marriage relation and rights, can such courts take jurisdiction of, abolish and cancel the evidence of marriage which is provided by, and made legal under, the laws of the States, and do this in such way and sense as that the decree of the court shall, in legal effect, operate as a divorce of the wife, by prohibiting her from using or asserting in any court, or anywhere, the evidence provided by such laws for establishing her marriage?

With very great and unfeigned respect for the learning of the judges who made the decision in question, it seems to us that the answer to this question plainly must be in the negative.

This attempt to deprive the alleged wife, by decree of a United States Court, of the evidence of her marriage, and to deprive her of the right to use such evidence in the state courts which alone have jurisdiction of the question of marriage or no marriage, divorce or no divorce, is in substance, and almost without disguise, an attempt to accomplish in such court the divorce of the wife, and her deprivation of all rights of alimony, and other marital rights. It is plainly and palpably an attempt to accomplish, by indirection, what the court below, by means of the limitations above named, which it gave to its decree, confessed it had no jurisdiction over, to wit, prohibiting her from having, claiming, or asserting that she was a lawful wife.

It is an attempt, by slightly disguised indirection, to accomplish a divorce which the court recognized it had no power to accomplish directly. If the court had power to cancel this written evidence of marriage and prohibit its being used anywhere, then so, also, and equally, and for the same reason, could the court abolish all other evidences of the marriage.

IV. The decree was final and appealable. The following changes in the status of the parties took place after the original decree against Mrs. Hill. (1) Sharon died and thereby devolved on Mrs. Sharon whatever property, if any, came through his death. (2) The Superior Court rendered the decree establishing the validity of the marriage and Mrs. Terry's rights of alimony. (3) The defendant Hill had married Judge Terry, and his rights and interests in his wife's estates, whatever they were, attached after the original decree, and after the death of Sharon. These changes rendered it indispensably necessary that the bill of revivor, so called, should be something else, or more than a technical bill of revivor, such as is resorted to where no change has occurred except an abatement by death. On the contrary, it presents a case where, owing to the death of Sharon and the marriage of his alleged wife to Terry, new property rights had attached in favor of a new and indispensable party to the suit, Judge Terry, whose interest in his wife's estate, as affirmed by the Supreme Court of California, or otherwise established, could not be cut off or affected except by the means of being made party, as was here done. That a decree such as is prayed for in this bill of revivor, so called, is a decree on an original bill, as distinguished from a decree under a technical bill of revivor, is confidently submitted.

MR. JUSTICE MILLER, after stating the case as above reported, delivered the opinion of the court.

The motion to dismiss the appeal is based upon the proposition that the order reviving the suit is not such a final order or decree as can be brought to this court for review. The principal argument on that subject is, that like the proceedings subsequent to a judgment at law for its enforcement by execution or otherwise, it is merely ancillary to the original decree, and a mode of carrying it into effect. But we are not satisfied that this is a sound argument, and if the case before us rested alone upon the question of dismissing the appeal, or overruling the motion to do so, we should feel compelled to overrule the motion.

The idea cannot be sustained that when a judgment or decree is rendered against a defendant, and it remains wholly unexecuted, *anybody*, without any right, authority, or interest in the matter can come in, and, by filing a bill of revivor, or by making a motion, have himself substituted for the plaintiff who has deceased, with all the rights which that plaintiff would have had to enforce the judgment or decree. Two questions must always present themselves in such a case, or at least may be presented; the one is, whether the decree is in condition that any further action can be had, or any right asserted under it by those who succeed the plaintiff as heirs, devisees, executors or otherwise; and the other is, whether the party who thus asserts the right to the benefit of the decree is entitled to such right, and is by law the person who can claim its enforcement, or should, in any action or matter arising out of the decree, represent the rights of the original plaintiff. Both of these questions are matters which interest the defendant in the original decree, and in regard to which he must have a right to a hearing before the Circuit Court; and the order of the Circuit Court on that subject is so far final, and may so far affect the rights of the defendant, that we think he is entitled to an appeal from such an order, if, in other respects, it is one within the jurisdiction of the Supreme Court. If the defendant had not this right of resistance, he might be harassed by suits to revive the judgment by any number of parties claiming in different or opposing rights, and he surely must have some power to protect himself from this; and the order which the court makes in such a case is so essentially decisive and important that we do not doubt that it is appealable. The motion, therefore, to dismiss the appeal must be overruled.

Turning to the alternative branch of this motion, which claims that the order of the court, reviving the suit in the name of Frederick W. Sharon, executor, should be affirmed, because the appeal is frivolous and unwarranted by the facts of the case, we think it should be granted. This order does no more than place before the court in connection with the case a person occupying the position of plaintiff in that suit in

the place of the deceased complainant, with such authority to avail himself of all the rights determined in favor of Sharon by the original decree as may be essential to the protection of the estate of Sharon, or the interests of his heirs or devisees, as they may be affected by that decree. That some one should be substituted in the place of Sharon, the complainant in that suit, who should be able to obtain the fruits of that litigation for the benefit of those who may be entitled to them, is so much a matter of course that it is difficult to conceive of a reason why such a substitution, through a bill of revivor, the usual proceeding in chancery cases, should not be had. If any objection had been made to the character in which Frederick W. Sharon asked to be made the representative of his father, to his fitness for the place, or that some one else was the proper person in whose name the suit should be revived, there might be some ground for a full hearing on the merits of the order. But no attempt is made to dispute the will of William Sharon, the disposition which it makes of his property or rights, or the validity of the appointment of Frederick W. Sharon as executor of that will. There is no pretence, and there was no effort to show in the court below, that if the suit should be revived at all in the name of any person whatever, Frederick W. Sharon was not that person.

The broad ground taken, the only one worthy of consideration, and the one argued with great earnestness in the brief of counsel for appellants, is that the court which rendered the original decree was without jurisdiction; and that on the motion to revive, that question should be considered, and if the court was without jurisdiction in the original case, it can have no jurisdiction to appoint an executor. This matter is very fully argued in the briefs of counsel, and it is the only point made in opposition to the motion to affirm the judgment below. We have given it full consideration, and because it is the only point, and because it has been fully and ably argued, we have the less reluctance in passing in this mode upon the merits of the order reviving the suit. We are satisfied that a later, and even more full, oral argument would throw no additional light upon the subject we are called upon to consider.

It would be a very anomalous proceeding for this court now, on the mere review of the order reviving the suit and appointing a new party to conduct it on the part of the plaintiff, to go back and decide upon the whole question which was passed upon by the Circuit Court in the original decree. That decree was open to appeal when it was rendered. If the defendant, Hill, was dissatisfied with it or believed it was erroneous, or made without jurisdiction, she had the right to appeal to this court. It was not only open to her, but it was the proper remedy if she desired to test it further. The order substituting the executor as plaintiff in that suit grants no new rights, does not enlarge that decree, and does not change its status, its construction or its validity. All the rights which she would have had against William Sharon, the plaintiff in that suit, she has against Frederick W. Sharon, who is substituted for him in the case. It would be productive of innumerable evils and delays if, on this proceeding to supply the defect in the original suit, arising out of the death of the plaintiff, everything that had been done in that suit, although there was a final decree in the case, should be reconsidered and become the subject of renewed litigation.

If the jurisdiction of the Circuit Court in the original suit were in any respect open to question on this appeal or on this motion, we think that the record below presents so much of the elements of jurisdiction as to need no further inquiry in that direction *in this proceeding*. It appears by the record that Sharon, the plaintiff in that suit, describes himself as a citizen of the State of Nevada, and the defendant, Hill, as a citizen of the State of California. This is sufficient to have given jurisdiction of the parties, and the object of the suit, the cancellation of a forged instrument, is one of the common heads of equity jurisdiction. A general demurrer was filed to the bill, which the Circuit Court overruled. The defendant then pleaded in abatement that she had brought an action against the plaintiff in the state court of California, which she alleged involved the same matter as that on which Sharon's bill against her was founded. She also, as a further proposition in that plea, alleged that Sharon, the plaintiff, was not a

citizen of the State of Nevada, but was a citizen of the State of California. This plea, in both its branches, was denied by Sharon, and, on a hearing, it was held to be bad and overruled, as the court said in its decision, because no testimony was taken to support it. Thus it appears that this matter of the jurisdiction of the Circuit Court was pleaded and relied on in that suit, and the court overruled it.

We have not made this reference to the proceedings in the court below with a view of reconsidering the soundness of those decisions. It is sufficient to say that, as presented to us, it is at least a *prima facie* case of jurisdiction as between the parties, and that the question of the soundness and correctness of the decision of that court on the merits cannot be inquired into in the present proceeding.

Let us suppose for a moment that the Circuit Court was at liberty to make an order reviving this decree in the name of a proper person, and it had refused to do so. Whatever injury had been committed by the Circuit Court against Mr. Sharon could not, on the theory of the appellants, be reviewed in this court, because there would be no party to take an appeal, and even the error of the court, in holding that it had no jurisdiction, could not be reviewed for want of somebody to do so. Especially would this be so if the doctrine insisted on by the appellee be sound, that the order is not an appealable order.

On the other hand, let it be supposed that the defendant, Hill, in that suit desired to take an appeal, as she had a right to do, from the decree against her, she could only take such an appeal and prosecute it by reviving the suit against some party who must represent the Sharon interest.

The objection that the original suit and decree were without jurisdiction would be as valid against an application by Miss Hill to have some one substituted as plaintiff, in order that she might take an appeal, as it can be in the case of the present application by the plaintiff below. It is, we think, too clear for any serious argument that the representatives of Sharon had a right to supply the defect in the suit, created by the death of the plaintiff, by a bill of revivor substituting a party in the place of Sharon.

It is averred in this bill of revivor that the decree has not been complied with by the defendant, Hill; that she has not delivered up the instrument to be cancelled; and that she is using it in other ways to the prejudice of Sharon's estate and that of his devisees. Somebody capable of putting the decree into effect in those particulars is essential to its utility and to its execution.

We have not been able to find any precedent exactly representing the case before us. The ingenuity of counsel has been unable to supply us with any; but we think the decree of the court below, reviving the suit in the name of Frederick W. Sharon, is so clearly right that we feel bound to affirm that decree on this motion.

MR. JUSTICE FIELD took no part in the decision of this case.

*Motion to dismiss denied.*
*Motion to affirm granted.*