PLEASANT VIEW TOWNSHIP, IN CHEROKEE COUNTY, V.
J. W. SHAWGO.

1. TOWNSHIP BOARD—*Power to Build Bridge.* Chapter 16 of the General Statutes of 1889 confers no power on a township board to bind the township by a contract for the construction of a bridge costing more than $200.

2. COUNTY BOARD—*Delegation of Powers.* Chapter 75 of the Laws of 1886 does not authorize the board of county commissioners of Cherokee county to delegate its authority to the township board of Pleasant View township to build bridges therein; nor is the township board of such township given any added power to bind the township by a contract for the erection of a bridge, either by said act, or by any action of the board of county commissioners thereon.

*Error from Crawford District Court.*

ACTION by *Shawgo* against *Pleasant View Township* to recover a balance which he claimed to be due him for work on a certain bridge. Judgment for plaintiff. The defendant comes here. The opinion states the facts.

*John N. Ritter,* for plaintiff in error.

*W. R. Cowley,* and *H. C. Root,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: Several objections are made to the consideration of the case in this court, but none of them are valid. The order extending the time for making and serving a case was made in due time, and unobjectionable in form. The proof before us shows that the case was actually filed by the district clerk of Crawford county. The motion for a new trial might be heard before the formal entry of judgment as well as after. It is an application for a reëxamination of the questions of fact. If no new trial is granted, judgment on a general verdict, where there are no special findings conflicting with it, follows as a matter of a course. This action was brought in the district court of Cherokee county by J. W. Shawgo, to recover from Pleasant View township a balance

of $638.74, with interest, claimed to be due the plaintiff under a written contract for the construction of the abutments and wing walls for a bridge across Cow creek, in said township. The contract price was $5 per cubic yard. The petition alleges that the work was completed according to contract, and contained 353$\frac{20}{27}$ cubic yards. Under this contract $1,130 had been paid, and a controversy arose between the parties in reference to the measurement of the work, the plaintiff claiming in the neighborhood of 60 yards more than was conceded by the township officers. The written contract sued on is signed by the township trustee, clerk, and treasurer.

The first and most important question presented is, whether the township officers had power, under the law, to bind the township by such a contract. Chapter 16 of the General Statutes of 1889 provides for the construction of bridges, placing the duty on the county board of determining what bridges are necessary where the expense exceeds $200, leaving only those costing $200 or less to be constructed by the township officers. Under the general law, it is clear that the township board had no power to bind the township by a contract for a bridge costing more than $200. (*Salt Creek Township v. Bridge Co.*, 51 Kas. 520.) We are referred to chapter 75 of the Laws of 1886, which authorizes the board of county commissioners of Cherokee county to levy taxes for certain purposes, and, among others, to provide a sum not exceeding $1,400 with which to build bridges in Pleasant View township. It is claimed that this sum was raised and turned over to the township by the board of county commissioners, and that they might delegate to the township the power to use the money and construct the bridge, making the township their agent for that purpose. This contention is not sound. The board of county commissioners cannot delegate power to a municipal township. The board, it is true, has power to select its own agents for proper purposes, and such agents, acting within the scope of their authority, may bind the county, but it cannot select agents and authorize them to

bind a municipal subdivision of the county, without legislative authority so to do. The act last referred to authorizes the board of county commissioners to proceed, prepare plans and specifications, advertise for bids, and let contracts for the work. This does not mean that they may turn over the money raised to a township board and authorize them to make plans, advertise for bids, and let contracts on behalf of the township. The commissioners are authorized to issue scrip in payment for improvements under such contracts. This, however, did not confer authority on them to issue scrip in advance of the performance of the work to be used by another board at their discretion. It appearing from the face of the petition that the contract sued upon did not bind the township, the plaintiff cannot recover in the action, and it is unnecessary to consider any other matter discussed by counsel. The judgment is reversed.

All the Justices concurring.