GEORGE W. SELDERS v. ELLEN BOYLE, *Executrix, etc.,* OF JOHN BOYLE, *deceased.*

No. 218.

1. HOLIDAY—*judicial proceedings on, valid.* There is no statute in this State precluding the courts or judges of this State from discharging the duties of their offices upon Thanksgiving day.

2. REVIVOR—*notice of, in this case held sufficient.* In a proceeding to revive a dormant judgment in the name of the executor of the deceased judgment creditor, a notice properly entitled in the case, containing the matters required to be contained in a notice of an application of revivor, signed by the clerk of the court and attested by the seal of the court, and containing a command to the sheriff to serve the same upon the defendants therein named, is a sufficient notice and is sufficiently signed.

3. JUDGMENT—*in proceedings to revive, cannot be attacked.* In a proceeding to revive a dormant judgment in the name of the executor of a deceased judgment creditor, the defendants cannot attack the validity of the judgment by reason of any irregularity in the proceedings of the court rendering the same, it appearing that the court had jurisdiction of the parties defendant and the subject-matter.

4. ———— *clerk failing to record, may record at subsequent time without notice to debtor.* In an action upon a promissory note, tried to a jury, and in which the jury returns a verdict for the plaintiff for a certain amount, it is the duty of the clerk under the provisions of section 409 of the Civil Code to immediately enter

452    SELDERS v. BOYLE, *Executrix.*

N. Dept.                Opinion.   Mahan, P. J.             5 Kan. App.

judgment upon the journal of the court for the amount of the ver dict, unless otherwise directed by the court; and if he fails so to do, he may thereafter enter the same, the form thereof being approved by the court, without notice to the defendants, at any time before the rights or interests of third parties intervene which may be affected by such entry without notice.

Error from Cloud District Court. Hon. F. W. Sturges, Judge. Opinion filed June 16, 1897. *Affirmed.*

*Kennett & Peck*, for plaintiff in error.

*Pulsifer & Alexander*, and *P. E. Butler*, for defendant in error.

MAHAN, P. J. The testatrix of the defendant in error recovered a judgment in the District Court of Cloud County for $450 on the eleventh of September, 1890, but no entry thereof was made on the journal of the court. December 1, 1891, execution was issued and returned *nulla bona.* January 9, 1893, an alias execution was issued. On the thirtieth of September, 1893, John Boyle died, and the defendant in error was duly appointed as executrix under his will, and qualified as such on the twelfth of December, 1893. On the tenth of March, 1894, the clerk entered the judgment of the court that should have been entered on the verdict of the jury on September 11, 1890. Upon the twenty-ninth of November, 1894, which was Thanksgiving day, the application of the defendant in error, as executrix of John Boyle, to revive the judgment in her name, came on to be heard before the Judge of the District Court of Cloud County, at chambers, who made an order reviving said judgment on that day. The plaintiff in error presented a bill of exceptions which was duly allowed by the court and filed with the cause and the case is here for review upon the proceedings in revivor only.

There are six assignments of error. That the judge erred in proceeding to hear the motion to revive upon Thanksgiving day, the claim being that it was not a day upon which judicial proceedings could be had under the statutes of Kansas ; that the judge committed error in proceeding to hear the application on the notice served, the contention being that the notice was not sufficient under the statute ; that the judge erred in admitting in evidence the record of the judgment on the journal of the court ; the fourth assignment is to the same effect ; that the judge erred in his findings of fact ; that the judge erred in reviving the judgment at all.

There is no statutory prohibition against judicial proceedings on Thanksgiving day. By the common law a holiday was a day upon which judicial proceedings could be had. In the absence of statutory provisions forbidding the judges of courts to hear and determine matters on a holiday, a judicial proceeding upon that day is not void, and the court committed no error in this case in proceeding to hear the motion to revive.

1. Proceeding on holiday valid.

Under the second assignment the contention is that the notice is not signed by any one having authority to sign the same. The notice is entitled in the case properly. In the body of the notice there is sufficient in substance to conform to the statute ; about this there is no contention. At the conclusion of the notice, on the opposite side of the paper on which it is written, the clerk of the court adds a command to the sheriff to serve the foregoing notice upon the defendant in error and make due return thereof ; and this is attested by the signature of the clerk of the court with the seal of the court attached. This notice was served

454     SELDERS v. BOYLE, *Executrix.*

N. Dept.     Opinion.   Mahan, P. J.     5 Kan. App.

by the sheriff in the ordinary manner of serving summons, which is sufficient under the statute. The notice in substance and form is sufficient; and even if it were not, the plaintiff in error made a general appearance and contested the application upon the merits; and having done so, cannot now question the sufficiency thereof or the jurisdiction of the court to hear the same.

*2. Notice of revivor sufficient.*

The third assignment of error is based upon the fact that the journal entry was not absolutely spread upon the records of the court, that is, the judgment of the court was not recorded until after the death of the plaintiff, the judgment creditor; and that the entry upon the journal was made without notice to the defendant and is not in effect a *nunc pro tunc* entry. It was assumed by the counsel for the plaintiff that the judgment of the court had been recorded and execution had been issued thereon, but discovering that there was upon the journal of the court no record of the judgment, one was prepared and sent to the judge who tried the case, during his term, and by his direction, the form having been approved by him, the clerk recorded the same.

The action was one upon a promissory note for the recovery of money. There was a verdict for the plaintiff for the amount of the judgment, disclosed by the record. There was a motion for a new trial, which was overruled. A memorandum of the judgment was entered upon the appearance docket at the time by the clerk, giving its date. The judgment was also entered upon the judgment docket as prescribed by the statute. The only omission was the clerk's failure to record it upon the journal, as the statute required him to do upon the incoming of the verdict.

SELDERS v. BOYLE, *Executrix*.     ' 455

June 16, 1897.     Opinion.   Mahan, P. J.     C. Div.

§ 409, Civil Code, ¶ 4505, Gen. Stat. 1889 ; *Pleasant View Township v. Shawgo*, 54 Kan. 742 ; *Church v. Goodin*, 22 id. 527 ; *Franklin v. Merida*, 50 Cal. 289.

The provision of the code of California in this regard is the same as that of Kansas and the same as the Ohio code from which last code ours was copied. The Supreme Court of Ohio, in *Young v. Shallenberger et al.* ( 53 Ohio St. 291, 41 N. E. Rep. 518 ), construes this provision the same as our own Supreme Court in the cases cited, *supra*. In addition to the authorities above cited, that the judge and the clerk of the court had a right to complete the record without notice to the defendant, see Freeman on Judgments, 3d ed., page 64.

The court had acquired jurisdiction in the first instance, and having acquired jurisdiction of the person **4. Clerk may record judgment without notice, when.** of the defendant and having jurisdiction of the subject-matter, it had jurisdiction to direct the journal entry to be recorded without notice. *Walden v. Craig's Heirs*, 14 Pet. 147.

But even if this were not so, if the judge, or clerk, or both together had not the authority to make this record speak the truth without committing error, as the judge and clerk did in this case, without notice to the defendant, there being no intervening rights of other parties, yet the result must be the same because the attempted attack upon the regularity of this judgment is a collateral attack, and the record in this case **3. Judgment cannot be attacked, when.** was not open to the attempted attack made upon it by the defendant, plaintiff in error. Upon the suggestion that this judgment was not open to collateral attack in this proceeding, see Freeman on Judgments, §§ 135, 455 ; *Terry v. Sharon*, 131 U. S. 40 ; *In re Watson, Petitioner*, 30 Kan. 753 ; *Waggoner v. Dobois and Wife*, 19 Ohio,

67 ; *Vredenburg v. Snyder,* 6 Iowa, 39 ; *Cooper v. Reynolds,* 10 Wall. 308.

The contention under the fourth and fifth asssignments of error are covered by this conclusion. The fourth is based upon the admission in the record of the judgment; it, importing absolute verity and not being open to impeachment or attack in this procceding, was competent evidence and the admission thereof by the court was not error ; and the finding of the court based thereon was not error. The sixth assignment is based upon these contentions and falls with them.

There was no injustice done in this case. The court did that which ought to have been done. The contentions of plaintiff in error have no merit, being purely technical. The judgment is affirmed.