Wilson v. Cloud County.

F. WILSON, *Appellant*, v. THE BOARD OF COUNTY COM-
MISSIONERS OF THE COUNTY OF CLOUD et al.; *Ap-
pellees.*

No. 18,509.

HEADNOTE BY THE REPORTER.

HIGHWAYS—*Damages—Appeal—Injunction—Estoppel.* Where a
landowner appeals to the district court from the allowance of
a claim for damages for the laying out of a road through his
land·he thereby affirms that his land has been taken and
damaged by the laying out of the road, and he can not after-
ward be heard to say that the road was not in fact·laid out.

. Appeal from Cloud district court.    Opinion filed
June 7, 1913.    Affirmed.

*Pierce E. Butler,* of Glasco, *Theo. Laing, Charles L.
Hunt,* and *Park B. Pulsifer,* all of Concordia, for the
appellant.

*M. V. B. Van De Mark,* of Concordia, *C. L. Kagey,*
and *R. M. Anderson,* both of Beloit, for the appellees.

*Per Curiam:* A petition, regular in form and signed
by a sufficient number of qualified signers, was pre-
sented to the board of county commissioners of Cloud
county for the laying out and opening of a certain road
to run north on a section line, beginning at a described
corner.    Viewers were duly appointed, and they met
at a time of which notice had been duly given, called to
their aid the county surveyor and proceeded to view
and lay out a road beginning at the point designated
and running thence east thirteen rods, thence north
two miles parallel to the section line, thence west thir-
teen rods to the section line, thence north on the desig-
nated section line to the point designated in the petition
as the terminus.    A proper report of the proceedings
and of the survey were duly filed.    The notes of the
survey specifically show the course of the road as above

described, but the plat of the road filed does not show a road from the point of beginning to the point thirteen rods east, where the road was turned at a right angle to the north. This was probably for the reason that a public road already extended along that line. The viewers allowed $250 damages to appellant, who owned land taken for the road. The board of county commissioners approved the report and allowance of damages in the sum of $250, and from such allowance plaintiff appealed to the district court.

When the action for damages came on for hearing in the district court the appellant moved to dismiss the entire proceeding, on the ground that the county commissioners had no jurisdiction in the premises. The court denied the motion on the ground that the appeal from the award of damages waived the question of jurisdiction. From that decision the appellant brought the case to this court for review, and this court affirmed the decision of the district court. (*Wilson v. Cloud County,* 87 Kan. 798, 126 Pac. 642.)

The appellant thereafter brought this action to enjoin the board of county commissioners, township trustees, and others interested, from opening the road. A temporary restraining order was issued and, on a hearing, was set aside, and a motion for temporary injunction was heard and overruled, and the case is brought here to reverse this order.

The motion for temporary injunction was submitted by agreement on the evidence produced on the hearing to set aside the restraining order, and is based upon the theory that the road petitioned for was not in fact laid out or surveyed. It is true the road for two miles was not laid out immediately on the line designated in the petition. It was started at the point designated and ran from thence thirteen rods east, thence two miles north, thence thirteen rods west, thence north on the designated line to the designated termination.

Section 7278 of the General Statutes of 1909 pre-

scribes the duties of the viewers and surveyor in such case, viz., to lay out the road as prayed for in the petition, "or as nearly so as a good road can be made at a reasonable expense, taking into consideration the utility, convenience and inconvenience, and expense which will result to individuals as well as to the public, if such road . . . shall be established and opened."

The viewers did not report their reasons for deviating from the line designated in the petition, but the plat filed by the surveyor shows that near the point of beginning the road would cross a creek, and at some distance farther on would be in the bed of the creek, and some distance farther again would cross and recross the creek and then strike an elevation of land. This, it is said, would have necessitated the building of bridges and considerable grading. Whether, however, the viewers and surveyor had good reason for the deviation of the course of the road is immaterial to this decision.

It is an old adage that "one can not eat his cake and sell it." The principle upon which the case of *Wilson v. Cloud County*, supra, and cases therein cited, were decided is applicable to this case. In claiming damages for the laying out of the road before the commissioners, and in appealing from the decision to the district court thereon, appellant, in effect, affirmed that his land had been taken and damaged by the laying out of the road, which was about to be opened, and he can not now be heard to say that the road was not in fact laid out.

The judgment is affirmed.