No. 22,134.

A. J. CANADAY and HARRY H. STERN, *Appellants*, V. BERT HULL et al., as The Board of County Commissioners of the County of Scott, et al., *Appellees*.

#### SYLLABUS BY THE COURT

1. HIGHWAY—*Petition for Public Road—Petitioners Residing in the "Vicinity of the Road"—Construction of Statute*. In section 8756 of the General Statutes of 1915, the statute which provides that a petition for a public road shall be "signed by at least twelve householders of the county residing in the vicinity where said road is to be laid out," the words "residing in the vicinity" may comprehend those residing fifteen miles away from a proposed road in the sparsely settled western counties of the state.

2. SAME—*County Commissioners May Legally Act on Labor Day*. A board of county commissioners can, on the first Monday of September, labor day, legally consider and act on a petition for a public road.

3. SAME—*Landowner Claiming Damages—Estopped to Deny Validity of Road*. Parties cannot question the validity of proceedings for laying out a public road, after they have appealed to the district court from an allowance for damages, and the appeal has been tried and determined.

Appeal from Scott district court; ALBERT S. FOULKS, judge. Opinion filed May 10, 1919. Affirmed.

*R. W. Hoskinson*, and *Robert S. Field*, both of Garden City, for the appellants.

*H. A. Russell*, of Scott City, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: Judgment was rendered in favor of the defendants in an action to enjoin them from opening a public highway. The plaintiffs appeal.

The board of county commissioners of Scott county, on a petition signed by fifteen householders of that county, and by one householder of Logan county, established a road in the former county, fifteen or eighteen miles from Scott City. Of the fifteen petitioners from Scott county, eleven lived in Scott City. The petition was first heard on September 4, 1916, which was a legal holiday. (Gen. Stat. 1915, § 5077.) There were a

50—104 KAN.

number of postponements, but final action was taken on December 9, 1916, when the road was established and ordered opened. The county commissioners found that the petition was a legal one. Damages were awarded to the plaintiffs, and they appealed from that award to the district court, where the matters involved therein were determined. Subsequently, this action was brought, and on the trial the court made findings of fact and conclusions of law as follows:

### "FINDINGS OF FACT.

"The Court finds that prior to the bringing of this action, the plaintiffs and each of them had made claim for damages by reason of the laying out and establishing of the road involved in this action, said claims for damages being regularly made to the Board of County Commissioners of Scott County, Kansas; that afterwards the plaintiffs herein, being dissatisfied with the damages allowed by the Board of County Commissioners of Scott County, Kansas, appealed therefrom to the District Court.

### "CONCLUSIONS OF LAW.

"The plaintiffs having filed claim for damages, and having appealed from the award of damages under said claims, they are as a matter of law estopped from bringing this action to enjoin the laying out and opening of said road."

1. The plaintiffs question the validity of the petition on which the board of county commissioners acted. It is argued that the petition did not comply with the law, because it was not signed by twelve householders of the county residing in the vicinity of the road to be established. (Gen. Stat. 1915, § 8756.) Eleven of the petitioners lived in Scott City. The road was fifteen or eighteen miles away. Did the petitioners reside in the vicinity of the road? The court must take judicial notice of the fact that a number of the western counties of this state, including Scott county are sparsely populated. It follows that in that county the vicinity of the road may be a number of miles therefrom. Vicinity does not mean a fixed area; it is a relative term, and what is the vicinity of the particular place under one set of circumstances may not be such under other circumstances. While the number of miles may be many, present-day methods of transportation make the time used in traveling over them comparatively short.

This court cannot say that a householder living fifteen miles away from a proposed road in Scott county does not live in the vicinity thereof.

Dixon v. Railway Co.

2. The plaintiffs contend that the action of the board of county commissioners was void for the reason that the board first acted on the petition on a legal holiday, labor day. This contention is based on the assumption that courts and officers cannot legally act on that day. The assumption is unwarranted. The designation by statute of a day as a legal holiday does not invalidate official or judicial acts performed on that day, unless the statute expressly or by clear implication prohibits the performance of those acts. (Note, 19 L. R. A. 320; Note, 10 L. R. A., n. s., 791; Note, Ann. Cas. 1916 E, 847; 21 Cyc. 440, 445; *Selders v. Boyle,* 5 Kan. App. 451.) The statute making the first Monday in September a legal holiday neither expressly nor impliedly prohibits any court or officer from acting on that day.

3. The plaintiffs cannot question the validity of the proceedings for laying out the road, for the reasons stated in *Wilson v. Cloud County,* 90 Kan. 107, 132 Pac. 1176, where this court said:

"Where a landowner appeals to the district court from the allowance of a claim for damages for the laying out of a road through his land he thereby affirms that his land has been taken and damaged by the laying out of the road, and he can not afterward be heard to say that the road was not in fact laid out." (syl.)

The judgment is affirmed.