No. 21,962.

FRED STERLING, *Apellee*, v. I. J. CARTER et al., as the Board of County Commissioners of the County of Finney, *Appellants*.

SYLLABUS BY THE COURT.

HIGHWAY—*Petition for Public Road—Residence of Petitioners—Statute Interpreted.* A petition to vacate a highway laid out in a sparsely settled county was signed by at least twelve householders who resided within four miles of the highway. Parties sought to enjoin the vacation of it on the ground that within the meaning of the statute the petitioners did not reside in the vicinity of the highway. *Held,* following *Canaday v. Scott County,* 104 Kan. 785, 181 Pac. 121, that the required number of petitioners resided in the vicinity of the highway, and that the petition was valid and sufficient.

Appeal from Finney district court; GEORGE J. DOWNER, judge. Opinion filed November 8, 1919. Reversed.

*Richard J. Hopkins,* of Topeka, and *B. F. Stocks,* of Garden City, for the appellants.

*H. O. Trinkle,* of Garden City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action a judgment was rendered enjoining the county commissioners from vacating a highway, from which the defendants appeal.

The highway had been established a few months before, and it appears that the county surveyor was not present to aid the viewers in finding the location of the proposed highway. It was subsequently developed that the road pointed out and viewed by them was not in the location described in the petition and other proceedings. When it was ascertained that as located it passed through ravines and over a broken region where it would be difficult to make and maintain a highway, a petition for the vacation of it was presented. The commissioners had determined that the petition was sufficient, but before the final steps were taken and the order of vacation entered, this injunction proceeding was begun.

The sole ground of the plaintiff's attack on the proceedings of the board is that the petition for vacation was not signed by

the required number of householders having the qualifications of petitioners. It was signed by seventeen householders, but the contention is that the required number did not reside in the vicinity of the highway. Under the statute it is necessary that at least twelve householders residing in the vicinity where the road is to be laid out shall petition for the vacation. (Gen. Stat. 1915, § 8756.) There is no dispute as to the residence of the petitioners or as to the distance of their residences and farms from the highway. The residences of six of them either adjoin the road or are situated about one mile from it. Some of them live within two or three miles from the highway, and thirteen of them within four miles of it. Three of them reside more than four miles from the road. One is nine miles away, another seven miles, and still another five miles. It is clear that more than twelve of the petitioners resided in the vicinity of the road and, within the rule which has been applied in sparsely settled districts, all of them may be said to reside in the vicinity of the road. *Canaday v. Scott County,* 104 Kan. 785, 181 Pac. 121, which it may be said was decided after the instant case was tried, is a controlling authority in the case. There it was held that the term "vicinity" is not an absolute but a relative one, and what is within the vicinity of a place under one set of circumstances may not be such under other circumstances. It was further held that the court would take notice that a number of the western counties of the state are sparsely settled, and that in a sparsely settled region, and under the modern methods of transportation, petitioners who reside even as far as fifteen miles from the road might be regarded as residing within the vicinity of it. The statutory number of residents, at least, lived in the vicinity or neighborhood of the road in question, and hence it must be held that the petition to vacate was valid and sufficient.

The judgment will be reversed and the cause remanded with the direction to enter judgment for the defendants.