In re Sylvia Fern WOODS, Debtor.

**LESTER MOBILE HOME SALES, INC., Appellant,**

v.

**Sylvia Fern WOODS, et al., Appellees.**

Civ. A. No. 89–0202–A.
Bankruptcy No. 7–88–01438HPA.
Adv. No. 7–88–01438.

United States District Court,
W.D. Virginia,
Abingdon Division.

June 19, 1990.

J.P. Carmody, Richlands, Va., for appellant.

John Lamie, Abingdon, Va., for appellees.

Jo S. Widener, Bankruptcy Trustee.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

This case is before the court on appeal from the United States Bankruptcy Court for the Western District of Virginia. Lester Mobile Home Sales, Inc. ("Creditor") appeals from the order of the bankruptcy court entered October 27, 1989, denying its motion for relief from the stay.

## PROCEDURAL BACKGROUND

Sylvia Fern Woods ("Debtor") filed a petition for protection pursuant to Chapter 13 of the Bankruptcy Code, Title 11 of the United States Code, on September 8, 1988.

She listed the Creditor as a secured creditor. The Creditor received notice of the petition but failed to appear at the Section 341[1] meeting of the creditors. The plan proposed by the Debtor ("Plan") was confirmed by an order of the bankruptcy court ("Confirmation Order"), which was entered on December 6, 1988. The Creditor failed to make a timely objection to the Plan or to file a timely appeal from the Confirmation Order.

On June 27, 1989, the Creditor filed its motion for relief from the automatic stay. The bankruptcy court denied its motion by an order entered October 27, 1989 and the Creditor now appeals from that order to this court.

## ANALYSIS

The Creditor based its motion to lift the automatic stay on the assertion that the bankruptcy court had improperly issued the Confirmation Order. The Creditor asserts that the bankruptcy court should not have issued the Confirmation Order because, first, the Plan valued its collateral at less than fair market value, violating § 1325(a)(5)(B), and, second, the Plan improperly modified the Creditors loan to the Debtor in violation of § 1322(b)(2).

### *Order Confirming Chapter 13 Plan Has Res Judicata Effect*

Section 1327(a) of the Code provides that "[t]he provisions of a confirmed [Chapter 13] plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." This provision, in effect, requires that an order of confirmation be given *res judicata* effect as to those issues which were or could have been decided at the time of the confirmation.[2] This *res judicata* effect ap-

---

1. All references to sections in this Memorandum Opinion refer to sections of the Bankruptcy Code except where otherwise noted.

2. 5 *Collier on Bankruptcy* 1327.01[1] (15th ed.); *In re Patterson*, 107 B.R. 576, 578 (Bkrtcy. S.D.Ohio 1989); *Ford v. Fidelity Consumer Discount Co. (In re Young)*, 76 B.R. 504, 506 (Bkrtcy.E.D.Pa.1987); *In re Guilbeau*, 74 B.R. 13, 14 (Bkrtcy.W.D.La.1987); *Rhode Island Central Credit Union v. Zimble (In re Zimble)*, 47 B.R. 639, 640 (Bkrtcy.D.R.I.1985); *Anaheim Sav. and Loan Ass'n v. Evans (In re Evans)*, 30 B.R. 530, 531 (Bkrtcy. 9th Cir.1983); *In re Russell*, 29 B.R. 332, 335 (Bkrtcy.E.D.N.Y.1983).

plies to subsequent determinations in the same bankruptcy proceeding. *Id.*[3] The *res judicata* effect of the order may be avoided only by a revocation of the order pursuant to section 1330 of the Code, which requires a showing of fraud in the procurement of the order.

The Confirmation Order therefore should be given *res judicata* effect as to those issues that were decided, or could have been decided, at the time of the confirmation. This would appear to include the issues raised by the Creditor. However, the Creditor asserts that these issues are jurisdictional in nature and that this court is not bound by the bankruptcy court's determinations regarding subject matter jurisdiction implicit in its Confirmation Order. This court need not reach the question of whether or not the issues are jurisdictional because the same result is reached in either case.[4]

*Challenging Subject–Matter Jurisdiction*

■ It has been long established that a federal court may, at any time during the pendency of a case, either on a motion of one of the parties or its own motion, consider whether it has subject matter jurisdiction of that case. Fed.R.Civ.P. 12(h)(3). If it determines that it lacks such jurisdiction, it is to dismiss the case. *Id.*

■ A federal appellate court, which is reviewing an order of a lower court that was appealed to it, is to consider, *sua sponte*, whether the lower court had subject matter jurisdiction sufficient to issue such order. *King Bridge Co. v. Otoe County*, 120 U.S. 225, 226, 7 S.Ct. 552, 553, 30 L.Ed. 623 (1887). If the appellate court finds that it did not, it is to reverse or vacate that order. *See id.*

*Res Judicata Doctrine Applies to Issue of Jurisdiction*

■ However, there are limits to challenging an order on the ground that the court lacked subject matter jurisdiction to render the order. An order by a federal district court, sitting in bankruptcy, may not be attacked, on that ground, in a collateral action. *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 377, 60 S.Ct. 317, 320, 84 L.Ed. 329 (1940). This rule is based on the doctrine of *res judicata* and its application includes the contention that the court transgressed the boundaries of a statute in issuing the order. *Id.* It does not matter that the issue of subject matter jurisdiction was not raised in the original case by the party now attacking the order if that party could have raised it during the original case or in the direct appeal of the order. *Id.* at 378, 60 S.Ct. at 320.

*Chicot County* is illustrative of the modern trend in regard to the issue of the adjudication of subject matter jurisdiction. Courts are abandoning the traditional formula that a judgment rendered by a court without subject matter jurisdiction is void, which has been always subject to exceptions, and are replacing it with an analysis of how the competing principles of finality and validity apply to the issue. *See* Restatement (Second) of Judgments § 12 (1982).

"The modern rule on conclusiveness of determinations of subject matter jurisdiction gives finality substantially greater weight than validity." *Id.* at comment a. Where the policy of validity has been served by an opportunity for the parties to contest the issue of subject matter jurisdiction and the resulting determination is subject to an independent review upon direct appeal, the policy of finality should then take precedence and that policy is served

---

*See Citicorp Homeowners, Inc. v. Willey (In re Willey)*, 24 B.R. 369, 376 (Bkrtcy.E.D.Mich. 1982).

**3.** The term *res judicata* is being used in this Memorandum Opinion in a restricted sense as to mean only issue preclusion.

**4.** Whether a procedural error should be characterized as a defect in subject matter jurisdiction depends on the exact nature of the error; courts have decided the question on a case by case basis without the guidance of an established theoretical framework. Restatement (Second) of Judgments § 11 comment e (1982).

by regarding the determination as conclusive. *See id.* at comment c.

The Restatement, however, recognizes certain rare circumstances where the public interest in the validity of the judgment outweighs the interest in its finality and a collateral attack of the judgment on the ground that the court lacked subject matter jurisdiction to render the judgment should be permitted. *Id.* at comment d. It states that a collateral attack of the judgment should be permitted if "[t]he subject matter of the action [in which the judgment was rendered] was so plainly beyond the court's jurisdiction that its entertaining the action was a manifest abuse of authority." *Id.* at § 12(1).[5]

▮ The United States Supreme Court has also recognized the principle that a court may be so clearly lacking in subject matter jurisdiction of a case that any judgment rendered in it is a nullity subject to collateral attack. *Noble v. Union River Logging R.R.*, 147 U.S. 165, 13 S.Ct. 271, 37 L.Ed. 123 (1893) (citing *Wise v. Withers*, 7 U.S. (3 Cranch.) 331, 2 L.Ed. 457 (1806), in which an order by a court-martial sentencing a civilian was considered a nullity in a collateral proceeding).

This exception to the rule against collateral attack is not applicable to the Confirmation Order. The bankruptcy court, in issuing the Confirmation Order, was acting on a petition for relief pursuant to the Bankruptcy Code. The alleged errors made by the bankruptcy court in issuing the order could in no way justify the conclusion that that court's hearing of the Debtor's petition for relief was a "manifest abuse of authority."

### Res Judicata of Determination of Jurisdiction in Same Case

▮ As previously noted, the Confirmation Order is *res judicata* for subsequent determinations in the same bankruptcy proceeding of issues which were determined or could have been determined by the order. Also, the determination of subject matter jurisdiction in regard to the Confirmation Order is *res judicata* in a collateral action challenging that order. The only question possibly remaining is whether the fact that the challenge to the Confirmation Order is occurring in a collateral proceeding in the same case, rather than in a subsequent independent case, prevents the Confirmation Order from being *res judicata* on the issue of subject matter jurisdiction. This court concludes that it does not.

It is rare for the issue to arise as to whether a final order issued in a non-bankruptcy case should be regarded as *res judicata* in the same case. This is because a final order issued in a nonbankruptcy case nearly always disposes of the case. However, in a case in which the issue did arise, the United States Supreme Court recognized that the considerations supporting the doctrine of *res judicata* are implicated when the issue of subject matter jurisdiction has been decided in a final appealable order issued in a case, even when a party is seeking a reconsideration of the issue in the same, rather than in a different case. *Terry v. Sharon*, 131 U.S. 40, 9 S.Ct. 705, 33 L.Ed. 94 (1889).

In *Terry*, the defendants appealed an order reviving the case on the ground that the trial court never had subject matter jurisdiction of the case. 131 U.S. at 40–41, 9 S.Ct. at 705–06. The trial court had previously overruled an objection regarding subject matter jurisdiction and had then issued a final order that was not appealed. *Id.* at 48–49, 9 S.Ct. at 707. The Court gave preclusive effect to the lower court's determination that it had subject matter jurisdiction to issue that final order and ruled that the issue of jurisdiction would not be relitigated in the current proceeding. *Id.*

While *Terry* is not directly on point, it does demonstrate the principle that a deter-

---

5. Section 12 of the Restatement also allows such a collateral attack if "[a]llowing the judgment to stand would substantially infringe the authority of another tribunal or agency of government." This obviously has no applicability in the instant case. Additionally, § 12 allows a third ground for collateral attack, *see* § 12(3), which would never apply to a judgment rendered by a federal bankruptcy court.

mination of the issue of subject matter jurisdiction made in a case may be conclusive even in subsequent proceedings which are still technically part of the same case.

The considerations that led Congress and the courts to regard the resolution of issues by an order confirming a Chapter 13 plan as *res judicata* in regard to subsequent proceedings in the case apply with equal force to the issue of subject matter jurisdiction. *See* Restatement (Second) of Judgments § 12 comment c.

A Chapter 13 bankruptcy case, unlike the typical civil case, can involve several discrete disputes within it which are disposed of sometimes over the course of several years. It is important for the orderly and efficient administration of the case and for the securing of the rights of the parties to the case that the issues, including the issue of subject matter jurisdiction resolved by the order confirming a Chapter 13 plan, not be subject to reconsideration (except in the case of fraud) after the direct appeals process for the order has ended.

The opportunity provided to the parties to contest the subject matter jurisdiction of the court to issue the Confirmation Order prior to its issuance and the parties' right to appeal the order sufficiently protects their interest in its validity. There is no public interest in the validity of the Confirmation Order that outweighs the interest in its finality.

### CONCLUSION

The court concludes that the bankruptcy court properly refused to reconsider whether its Confirmation Order was proper, including whether it had subject matter jurisdiction to issue the Confirmation Order. The issue of whether the court had subject matter jurisdiction to issue the Confirmation Order, or of the case in general, was necessarily implicitly decided by the Confirmation Order, which was not appealed and is therefore *res judicata* not only for the bankruptcy court but also for this court.[6]

6. Because the bankruptcy court had jurisdiction of the case, this court has jurisdiction of this

Because the Creditor's motion to lift the stay was based on the assertion that the Confirmation Order was improperly issued, the bankruptcy court properly denied the Creditor's motion. Therefore, this court AFFIRMS the order of the bankruptcy court denying that motion.

The Clerk is directed to send certified copies of this Memorandum Opinion to the United States Bankruptcy Court for the Western District of Virginia and to counsel of record.

appeal pursuant to 28 U.S.C. § 158(a).