**In re SOKOLOWSKI, Debtor.**

**BankBoston, N.A., Appellant–
Cross–Appellee,**

v.

**Cynthia L. Sokolowski, Appellee–
Cross–Appellant.**

**Docket Nos. 99–5048(L), 99–5054(XAP)**

United States Court of Appeals,
Second Circuit.

Argued: Feb. 4, 2000

Decided: March 06, 2000

Matthew J. McGowan, Providence, R.I., for Appellant–Cross–Appellee,

David Flavey, Groton, CT., for Appellee–Cross–Appellant.

Before: CABRANES and SACK, Circuit Judges.*

PER CURIAM.

BankBoston, N.A., ("BankBoston") appeals from the April 26, 1999 judgment of the United States District Court for the District of Connecticut (Alfred V. Covello, *Chief Judge*) affirming the June 29, 1998 order of the United States Bankruptcy Court (Robert L. Krechevsky, *Judge*), which enjoined BankBoston from repossessing the motor-vehicle of debtor-appellee Cynthia L. Sokolowski ("Sokolowski") after she had filed a petition in bankruptcy.

## I.

On March 19, 1996, Sokolowski executed an auto loan contract with BankBoston. Pursuant to the contract, Sokolowski was to begin making loan payments on May 3, 1996. The loan, totaling $13,192.20, was payable over five years. Paragraph ten of the contract included a "default upon filing" clause specifying that Sokolowski would be considered in default if she declared or was forced into bankruptcy. On May 1, 1997, Sokolowski filed a Chapter 7 bankruptcy (liquidation) petition. Al-

---

\* Judge James L. Oakes, who was originally a member of the panel, disqualified himself after oral argument. The appeal is being determined by the remaining members of the panel, who are in agreement. *See* 2d Cir.R. § 0.14(b).

though she was, and remained, current on her loan payments, Sokolowski still owed BankBoston $7,900 at the time she filed the petition. To renew her payment obligations with BankBoston, she executed a reaffirmation agreement on September 15, 1997. However, Sokolowski rescinded the reaffirmation agreement within the statutory rescission period.[1] The Chapter 7 case was closed on September 29, 1997, and, on December 2, 1997, BankBoston notified Sokolowski of its intention to repossess the car. In response, she reopened her bankruptcy action in order to seek a declaratory judgment against BankBoston and an order enjoining the bank from repossessing the car. The Bankruptcy Court concluded that BankBoston could not enforce the default-upon-filing clause of the loan contract solely because Sokolowski had filed a bankruptcy petition and, accordingly, entered an order enjoining the bank from repossessing the vehicle. See *Sokolowski v. BankBoston (In re Sokolowski)*, 227 B.R. 16 (Bankr.D.Conn. 1998). Relying on our decision in *Capital Communications Federal Credit Union v. Boodrow (In re Boodrow)*, 126 F.3d 43 (2d Cir.1997), where we held that 11 U.S.C. § 521(2)[2] permits a debtor who is current on loan obligations to retain the collateral and keep making payments under the original loan agreement, the District Court affirmed the decision of the Bankruptcy Court. See *BankBoston v. Sokolowski*, No. 3–98 Civ.1535 (D.Conn. April 26, 1999). BankBoston now appeals, challenging the soundness of our reasoning in *Boodrow*, and asking us to overturn the rule enunciated in that case. Sokolowski cross-appeals from the District Court's denial of attorney's fees.

## II.

### A. Mootness

■ Sokolowski argues that the appeal in the instant case is moot because she no longer has possession of the vehicle and, having paid BankBoston the outstanding amount on the debt just prior to this appeal, no longer has any obligations to the bank. We conclude, however, that Sokolowski has failed to proffer competent evidence to support her claim that this particular appeal has been rendered moot. Specifically, she has not pointed to any evidence in the record of her satisfaction of the BankBoston loan or of her disposal of the vehicle in question. Accordingly, we address the merits of BankBoston's appeal.

### B. Merits

■ BankBoston requests that we reconsider our decision in *Boodrow*. It asks us to find that the case was wrongly decided, and thus to reverse the District Court's decision in the instant case which relied on *Boodrow*. As we have explained, "[t]his court is bound by a decision of a prior

1. 11 U.S.C. § 524(c)(2) states that an agreement reaffirming debts that would otherwise be discharged as a result of the bankruptcy proceeding, "may be rescinded at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim."

2. Section 521(2) states:

[I]f an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—

(A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause,

within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property; (B) within forty-five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty-five day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and (C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title.

panel unless and until its rationale is overruled, implicitly or expressly, by the Supreme Court or this court *en banc.*" *United States v. Allah,* 130 F.3d 33, 38 (2d Cir.1997) (quoting *United States v. Ianniello,* 808 F.2d 184, 190 (2d Cir.1986)). Accordingly, the relief BankBoston seeks is unavailable. Because the District Court's decision was consistent with our prior precedent, we hold that it correctly affirmed the order of the Bankruptcy Court that enjoined BankBoston from enforcing the default-upon-filing clause in the loan agreement with Sokolowski.

### C. Attorney's Fees and Costs

 In her cross-appeal, Sokolowski claims that the District Court erred in denying her application for attorney's fees under CONN. GEN.STAT. § 42–150bb.[3] While there is no general right to attorney's fees in bankruptcy actions, a party may be entitled to them in accordance with state law. *See Collingwood Grain, Inc. v. Coast Trading Co. (In re Coast Trading Co.),* 744 F.2d 686, 693 (9th Cir.1984); *cf. Alyeska Pipeline Serv. Co., v. Wilderness Soc'y,* 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) ("[T]he prevailing litigant [in federal court] is ordinarily not entitled to collect a reasonable attorneys' fee from the loser.") "However, where the litigated issues involve not basic contract enforcement questions, but issues peculiar to federal bankruptcy law, attorney's fees will not be awarded absent bad faith or harassment by the losing party." *Fobian v. Western Farm Credit Bank (In re Fobian),* 951 F.2d 1149, 1153 (9th Cir.1991); *see also Johnson v. Righetti (In re Johnson),* 756 F.2d 738, 741 (9th Cir.1985) ("When ... federal and not state law governed the substantive issues involved ... the bankruptcy court should not have

awarded attorney's fees pursuant to a state statute."); NORTON BANKRUPTCY LAW AND PRACTICE 2d § 142:7 (1997) ("If the court is determining a state law issue, the court will look to state law to determine if it is appropriate to award attorneys' fees. If the proceeding involves solely an issue of bankruptcy law, bankruptcy law, rather than state law will determine the propriety of awarding attorneys' fees."); 3 DANIEL R. COWANS, BANKRUPTCY LAW AND PRACTICE § 17.4(c) (6th ed. 1994) ("In proceedings in the bankruptcy court where state law rather than bankruptcy law provides the rule, fees may be awarded if state law allows it.").

In our view, "the question of the applicability of the bankruptcy laws to particular contacts is not a question of the enforceability of a contract but rather involves a unique, separate area of federal law." *Coast Trading,* 744 F.2d at 693. While the present case concerned the enforceability of a default-upon-filing provision in a loan contract, it turned solely on issues of federal bankruptcy law—namely, whether § 521(2) and the "fresh start" policy behind the Bankruptcy Code allows a debtor who is (and continues to be) current on his loan payments to retain the loan-secured property after a discharge in bankruptcy. We therefore conclude that the state statute is inapplicable in this case, and accordingly deny the request for attorney's fees.

 However, in light of the fact that BankBoston seeks a remedy that we have made clear this Court cannot provide, and because we have entertained and denied this very request for relief made by BankBoston in a prior case, *see BankBoston, N.A. v. Suarez,* 198 F.3d 234 (2d Cir. Sept.20, 1999) (Table), we conclude that the imposition of double appellate costs pursuant to 28 U.S.C. § 1912[4] is warrant-

---

**3.** CONN. GEN.STAT. § 42–150bb states in pertinent part:

Whenever any contract or lease entered into on or after October 1, 1979, to which a consumer is a party, provides for the attorney's fee of the commercial party to be paid by the consumer, an attorney's fee shall be awarded as a matter of law to the consumer

who successfully prosecutes or defends an action or a counterclaim based upon the contract or lease.

**4.** Section 1912 in relevant part provides:

Where a judgment is affirmed by ... a court of appeals, the court in its discretion may adjudge to the prevailing party just

ed. *See Kaynard v. MMIC, Inc.*, 734 F.2d 950, 954 (2d Cir.1984) ("Pursuant to the authority of Fed.R.App.P. 38 and 28 U.S.C. § 1912 (1982), we have not hesitated to assess double costs and damages for frivolous appeals."); *see also, e.g., Shuffman v. Hartford Textile Corp. (In re Hartford Textile Corp.)*, 659 F.2d 299, 303–06 (2d Cir.1981) (double costs and $5000 damages assessed).

### III.

For the reasons stated above, the judgment of the District Court is affirmed.

Double costs to appellant.

damages for his delay, and single or double costs.