**CEDRIC KUSHNER PROMOTIONS, LTD., Plaintiff–Appellant,**

v.

**Don KING; Don King Productions, Inc.; DKP Corporation; and John Does 1–10, Defendants–Appellees.**

No. 99–9279

United States Court of Appeals, Second Circuit.

Argued: June 5, 2000

Decided: July 11, 2000

Richard A. Edlin (Stephen L. Weinstein, on the brief), Solovay Edlin & Eiseman, P.C., New York, NY, for Plaintiff–Appellant.

Peter E. Fleming, Jr. (Michael Quinn, on the brief), Curtis, Mallet–Prevost, Colt & Mosle LLP, New York, NY, for Defendants–Appellees.

Before: FEINBERG and CABRANES, Circuit Judges, and GEORGE, District Judge.*

* The Honorable Lloyd D. George, United States District Judge for the District of Nevada, sitting by designation.

PER CURIAM.

This case presents a dispute between rival boxing promoters, plaintiff Cedric Kushner Promotions, Ltd. ("Kushner") and defendants Don King ("King"), Don King Productions, Inc., and DKP Corporation (together, "DKP").[1] On September 28, 1998, Kushner filed a complaint in the United States District Court for the Southern District of New York, asserting claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, and for common-law fraud and tortious interference with contract. The District Court (William H. Pauley, *Judge* ) granted defendants' motion pursuant to FED.R.CIV.P. 12(b)(6) to dismiss the RICO claims, and dismissed *sua sponte* the remaining state law claims for lack of subject matter jurisdiction. *See Cedric Kushner Promotions, Ltd. v. King,* No. 98 Civ. 6859, 1999 WL 771366 (S.D.N.Y. Sept.28, 1999).

In its complaint, Kushner asserted that defendants had violated 18 U.S.C. § 1962(c) and had conspired to do so in violation of 18 U.S.C. § 1962(d). Pursuant to 18 U.S.C. § 1964(c), these criminal provisions provide a basis for civil liability as well. On appeal, Kushner challenges only the dismissal of its claim pursuant to § 1962(c). We review *de novo* the District Court's decision to dismiss that claim. *See, e.g., Sykes v. James,* 13 F.3d 515, 518–19 (2d Cir.1993).

Section 1962(c) provides that "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). It is well established in this Circuit that, under § 1962(c), the alleged RICO "person"[2] and RICO "enterprise"[3] must be distinct. *See Anatian v. Coutts Bank (Switzerland) Ltd.,* 193 F.3d 85, 89 (2d Cir.1999); *Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.,* 30 F.3d 339, 343–45 (2d Cir.1994); *Bennett v. U.S. Trust Co.,* 770 F.2d 308, 315 (2d Cir. 1985).

In *Riverwoods,* we applied the distinctness requirement to find that a bank—effectively the RICO enterprise and the sole defendant—could not be held liable under § 1962(c) when the RICO persons identified were the bank and bank employees acting within the scope of their employment. We explained that the distinctness requirement could not be circumvented

> by alleging a RICO enterprise that consists merely of a corporate defendant associated with its own employees or agents carrying on the regular affairs of the defendant.... Because a corporation can only function through its employees and agents, any act of the corporation can be viewed as an act of such an enterprise, and the enterprise is in reality no more than the defendant itself. Thus, where employees of a corporation associate together to commit a pattern of predicate acts in the course of their employment and on behalf of the corporation, the employees in association with the corporation do not form an enterprise distinct from the corporation.

*Riverwoods,* 30 F.3d at 344 (citation omitted). Relying on *Riverwoods,* we subsequently found that the distinctness re-

---

1. The John Doe defendants, listed on the Notice of Appeal, are of no relevance to this appeal.

2. The relevant provision explains that, for purposes of RICO, a " 'person' includes any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3).

3. Similarly, for RICO purposes an " 'enterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).

quirement was not satisfied in a case where the alleged RICO enterprise was the NYNEX Group and the RICO persons were NYNEX, New York Telephone, and NYNEX Material Enterprises, all subsidiaries of the NYNEX Group. *See Discon, Inc. v. NYNEX Corp.*, 93 F.3d 1055 (2d Cir.1996), *rev'd on other grounds*, 525 U.S. 128, 119 S.Ct. 493, 142 L.Ed.2d 510 (1998). We explained that "[i]t would be inconsistent for a RICO person, acting within the scope of its authority, to be subject to liability simply because it is separately incorporated, whereas otherwise it would not be held liable under *Riverwoods.*" *Id.* at 1064.

The complaint in the instant action identifies DKP as the RICO enterprise and King as the RICO person. Though the complaint names both King and DKP as RICO defendants, the parties on appeal agree that the RICO claims against DKP were dropped, leaving King as the sole RICO defendant. As it is undisputed that King was an employee acting within the scope of his authority at DKP, Kushner does not assert that King and DKP are distinct. Instead, Kushner argues that the distinctness requirement is inapplicable when only the RICO person, and not the RICO enterprise, is a defendant. We conclude that the District Court properly rejected this contention. Our decisions in *Riverwoods* and *Discon* preclude the imposition of liability under § 1962(c) unless the RICO person and RICO enterprise are distinct; these cases leave no room for creating exceptions to the distinctness requirement based on the identity of the defendant.[4] Accordingly, we affirm the

District Court's dismissal of Kushner's RICO claim against King pursuant to 18 U.S.C. § 1962(c), the only claim before us on this appeal.

---

4. We recognize that our conclusion is in tension, if not conflict, with the decisions of other Courts of Appeals, *see Brannon v. Boatmen's First Nat'l Bank of Okla.*, 153 F.3d 1144, 1148 n. 4 (10th Cir.1998); *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 646–47 (7th Cir.1995); *Jaguar Cars, Inc. v. Royal Oaks Motor Car Co.*, 46 F.3d 258, 265–69 (3d Cir.1995); *Davis v. Mutual Life Ins. Co. of New York*, 6 F.3d 367, 377–78 (6th Cir.1993); *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1534 (9th Cir.1992), but these decisions are

contrary to our understanding of the distinctness requirement, as expressed in *Riverwoods* and *Discon*. We follow here the law of our Circuit and decline to embrace the authority of those other Circuits. *Cf. In re Sokolowski*, 205 F.3d 532, 534–35 (2d Cir.2000) (per curiam) (explaining that this Court "is bound by a decision of a prior panel unless and until its rationale is overruled, implicitly or expressly, by the Supreme Court or this court *en banc*" (internal quotation marks omitted)).