**In re Beryl Leonie LYNCH, Debtor.**

**No. 03–22269.**

United States Bankruptcy Court, D. Connecticut.

May 10, 2004.

Jeannette T. Chambers, Law Office of Jeannette Chambers, Hartford, CT, for Debtor.

Walter M. Spader, Jr., The Marcus Law Firm, New Haven, CT, for American Tax Funding, LLC.

Molly T. Whiton, Hartford, CT, Chapter 13 Trustee.

## RULING DENYING APPLICATION FOR ATTORNEY'S FEES

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

At issue in this proceeding is the right of an assignee of a town real estate tax lien ("the tax lien") to include the assignee's postpetition attorney's fees as part of its oversecured claim filed in a bankruptcy case, notwithstanding a state statute authorizing such fees. The matter has been submitted on briefs.

### II.

Beryl Leonie Lynch ("the debtor") filed a Chapter 13 petition on July 18, 2003. Her Second Amended Chapter 13 Plan, awaiting a confirmation hearing, primarily deals with her residence located at 97 East Burnham Street, Bloomfield, Connecticut ("the residence").

American Tax Funding, LLC ("ATF"), who, pre-petition, had purchased a tax lien on the residence from the town of Bloomfield,[1] filed an amended secured proof of

---

1. Conn.Gen.Stat. § 12–195h, entitled *Assignment of liens*, provides:

    Any municipality, by resolution of its legislative body, as defined in section 1–1, may assign, for consideration, any and all liens filed by the tax collector to secure unpaid taxes on real property as provided under the provisions of this chapter. The consideration received by the municipality shall be negotiated between the municipality and the assignee. The assignee or assignees of such liens shall have and possess the same powers and rights at law or in equity as such municipality and municipality's tax

claim in the debtor's estate in the amount of $1,835.75 and its attorney now applies for court approval for $600.00 in attorney's fees ATF incurred postpetition.[2] The debtor objects to the fee application contending that, under Bankruptcy Code § 506(b),[3] postpetition attorney's fees are not allowed as part of an oversecured tax lien claim, and, in addition, that that fee request is unreasonable. ATF asserts it is entitled to such fees because (1) Conn.Gen. Stat. § 12–166[4] clearly authorizes such fees and the tax lien is concededly oversecured; and (2) the court should take into account that ATF "has the double burden of the demands of a business that is not a municipality...[and] must retain counsel to protect its interests." ATF Mem. at 4.

### III.

The U.S. Supreme Court, in construing § 506(b) as to the rights of an oversecured lien creditor for allowances in addition to the prepetition balance of the debt, held that *"in the absence of an agreement,* postpetition interest is the *only* added recovery available." *United States v. Ron Pair Enter., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) (emphasis added). The Second Circuit Court of Appeals, following the issuance of the *Ron Pair* ruling, specifically held that county real estate tax liens cannot include postpetition tax penalties authorized by state statute because such "penalties arose, not under an agreement between the parties, but by operation of law under the tax act." *Lincoln Sav. Bank v. Suffolk County Treasurer (In re Parr Meadows Racing Ass'n, Inc.),* 880 F.2d 1540, 1549 (2d Cir. 1989) (same), *cert. denied,* 493 U.S. 1058, 110 S.Ct. 869, 107 L.Ed.2d 953 (1990).

Under these § 506(b) controlling rulings, the Town of Bloomfield would not be entitled to add postpetition attorney's fees to the tax debt, despite the language of Conn. Gen.Stat. § 12–166. ATF, as assignee, cannot claim a better position, despite its appeal to the court to entertain equitable considerations.

### IV.

In accordance with the foregoing discussion, the court concludes that the applica-

---

collector would have had if the lien had not been assigned with regard to the precedence and priority of such lien, the accrual of interest and the fees and expenses of collection. The assignee shall have the same rights to enforce such liens as any private party holding a lien on real property.

**2.** *See In re Gifford,* 256 B.R. 661, 662 n.2 (Bankr.D.Conn.2000) (Attorney's fees for postpetition services should not be included in a proof of claim, but require an application pursuant to Fed.R.Bankr.P. 2016). ATF's original proof of claim, filed by one of its house personnel, erroneously included $500 for postpetition legal services. The amended proof of claim, filed by ATF's counsel, properly removed the $500 charge.

**3.** Bankruptcy Code § 506(b) provides:
(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

**4.** Conn.Gen.Stat. § 12–166, in relevant part, provides:

Unless the context otherwise requires, "tax", wherever used in this section, includes each property tax and each installment and part thereof due to a municipality, as such tax may have been increased by interest, penalties, fees and charges, including collection fees of a collection agency and attorneys' fees, provided such attorneys' fees shall be limited to those ordered by the court in any court action or proceeding brought to recover such tax.

tion for postpetition attorney's fees incurred by ATF as the holder of a real estate tax lien must be denied. This conclusion makes it unnecessary to rule on the reasonableness of the fee request. It is

SO ORDERED.

### JUDGMENT

This action came on for hearing before the Court, Honorable Robert L. Krechevsky, United States Bankruptcy Judge, presiding, and the issues having been duly heard and a ruling having been duly rendered, it is

ORDERED AND ADJUDGED that American Tax Funding, LLC's application for attorney's fees, entitled "Application for Compensation for Professional Services Pursuant to Rule 2016," is denied.