SOMPO JAPAN INSURANCE COMPANY OF AMERICA and Olympus America, Inc., Plaintiffs–Appellants–Cross–Appellees,

v.

UNION PACIFIC RAILROAD COMPANY, Defendant–Appellee–Cross–Appellant,

Norfolk Southern Railroad Company, Defendant.

Nos. 05–7039–cv(L), 07–4739–cv(XAP).*

United States Court of Appeals, Second Circuit.

Aug. 13, 2009.

* 05–7039–cv(Lead) is disposed of by stipulation filed December 5, 2007.

SOMPO JAPAN INSURANCE
COMPANY OF AMERICA,
Plaintiff–Appellee,

v.

UNION PACIFIC RAILROAD
COMPANY, Defendant–
Appellant.

No. 07–5190–cv.

United States Court of Appeals,
Second Circuit.

Aug. 13, 2009.

Thomas M. Eagan (David T. Maloof, of counsel), Maloof Browne & Eagan LLC, Rye, NY, for Plaintiffs–Appellants–Cross–Appellees.

Barry N. Gutterman, Barry N. Gutterman & Associates, P.C., New York, NY, for Defendant–Appellee–Cross–Appellant.

Present: ROBERT A. KATZMANN, and B.D. PARKER, Circuit Judges.**

## SUMMARY ORDER

Defendant Union Pacific Railroad Company ("Union Pacific") appeals from a judgment entered September 27, 2007, 2007 WL 4859462, granting plaintiffs' motion for summary judgment. We assume the parties' familiarity with the facts and procedural history of this case.

On appeal, Union Pacific argues, in effect, that our prior decision in *Sompo Japan Insurance Co. of America v. Union Pacific Railroad Co.* ("*Sompo I*"), 456 F.3d 54 (2d Cir.2006), was wrongly decided and should be vacated. However, "[t]his court is bound by a decision of a prior panel unless and until its rationale is overruled, implicitly or expressly, by the Supreme Court or this court *en banc*." *In re Sokolowski*, 205 F.3d 532, 534–535 (2d Cir.2000) (per curiam) (alteration in original and internal quotation marks omitted). Union Pacific points to no intervening Supreme Court decision that would call into question the rationale of *Sompo I*. Therefore, we are bound by the prior precedent of this Court. For the foregoing reasons, the judgment of the district court is AFFIRMED.

** The Honorable Sonia Sotomayor, originally a member of the panel, was elevated to the Supreme Court on August 8, 2009. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. 46(d); Local Rule 0.14(2); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).