of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

**XIAO DAN YANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,\* Respondent.**

**No. 07–4636–ag.**

United States Court of Appeals, Second Circuit.

Nov. 5, 2009.

Acting Attorney General Peter D. Keisler as respondent in this case.

Theodore N. Cox, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Alison Marie Igoe, Senior Litigation Counsel; Edward J. Duffy, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, and JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiao Dan Yang, a native and citizen of the People's Republic of China, seeks review of an October 19, 2007 order of the BIA affirming its August 19, 2005 decision, which reversed the December 1, 2003 decision of Immigration Judge ("IJ") Helen J. Sichel granting Yang's application for asylum. *In re Xiao Dan Yang*, No.

A096 253 393 (B.I.A. Oct. 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an independent decision on remand from this Court, we review the BIA's decision alone. *See Belortaja v. Gonzales*, 484 F.3d 619, 622–23 (2d Cir.2007). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

Yang argues that the BIA misinterpreted the country conditions evidence relied on in its precedential decisions, *Matter of S–Y–G–*, 24 I. & N. Dec. 247 (B.I.A.2007), and *Matter of J–W–S–*, 24 I. & N. Dec. 185 (B.I.A.2007). That argument lacks merit where we held in *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 165–66, 172–73 (2d Cir. 2008), that the BIA's interpretation of that evidence was reasonable. To the extent that Yang requests that this Court reconsider *Jian Hui Shao*, the relief she seeks is unavailable. *See BankBoston, N.A. v. Sokolowski (In re Sokolowski)*, 205 F.3d 532, 535 (2d Cir.2000) (holding that "this court is bound by a decision of a prior panel unless and until its rationale is overruled, implicitly or expressly, by the Supreme Court or this court *en banc*" (quotation marks and citations omitted)).

Yang argues that the BIA erred in concluding that she failed to demonstrate a well-founded fear of persecution based on the birth of her children in the United States. However, this argument fails where we have previously reviewed the agency's consideration of the same or similar evidence and have found no error in its conclusion that such evidence was insuffi-

cient to establish an objectively reasonable fear of persecution. *See Jian Hui Shao,* 546 F.3d at 156–65. Additionally, despite Yang's argument to the contrary, there is nothing in the BIA's decision compelling the conclusion that it failed to take into account all of her evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006) (stating that we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise."). Further, although Yang asserts that the BIA committed legal error by examining the record evidence *de novo,* the BIA properly made a legal determination that her evidence failed to demonstrate the objective reasonableness of her fear. *Jian Hui Shao,* 546 F.3d at 162–63 (citing *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004)).

We also reject Yang's due process challenge. Yang argues that the BIA violated her procedural due process rights by considering a document outside the administrative record without first giving her notice and an opportunity to respond. *See Burger v. Gonzales,* 498 F.3d 131, 135 (2d Cir.2007). However, because the BIA did not rely on that document as the sole basis for denying relief and, instead, that document "simply corroborated the disposition already supported by the voluminous record evidence adduced by the parties," we find that the BIA's failure to provide Yang notice and an opportunity to respond does not rise "to the level of a due process violation requiring remand." *See Jian Hui Shao,* 546 F.3d at 167–68.

Finally, Yang argues that the BIA failed to address her motion to remand. However, contrary to Yang's assertion, the BIA addressed the substance of her motion in its decision because it noted that it had already found in *Matter of S–Y–G* that the documents she sought review of did not either demonstrate materially changed circumstances or a likelihood of persecution based on the birth of U.S.-born children.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).