BUTTMAN (BURKE v.). See Case No. 2,160.

---

## Case No. 2,254.

### BUTTNER v. MILLER.

[1 Woods, 620.] [1]

Circuit Court, S. D. Alabama. April Term, 1871.

REMOVAL — ACTION FOR ACT DONE UNDER THE REVENUE LAWS — "FORCE ACT" OF MARCH 2, 1833.

An action on the case, begun in a state court, to recover damages for alleged slanderous words spoken by a United States collector of customs, while in the discharge of his official duty and explanatory of it, can be properly removed to the United States circuit court under the provisions of the "force act," approved March 2, 1833 [4 Stat. 633].

[Cited in Curnow v. Phoenix Ins. Co., 44 Fed. 305.]

[At law. Action against a United States collector of customs for slander. The defendant removed the case to the circuit court, and plaintiff moves to remand the case to the state courts.]

George N. Stewart, for plaintiff.
John P. Southworth, for defendant.

WOODS, Circuit Judge. This cause was transferred upon the petition of defendant into this court from the circuit court of Mobile county, Alabama, by virtue of the provisions of the 3d section of the act of March 2, 1833 (4 Stat. 633).

The case is now heard upon the motion of plaintiff to quash the writ of certiorari, by which the record was removed to this court from the state court, and that the cause be remanded to the state court. The grounds of this motion are: That the cause was wrongfully transferred to this court, and this court has no jurisdiction thereof.

The petition filed by defendant for the removal of the cause to this court states, in substance, that on the 20th day of September, 1869, he was and ever since has been the United States collector of customs in and for the district of Mobile; that on the day and year aforesaid, as such collector, he caused to be seized for a violation of the revenue laws of the United States, certain casks of brandy and cases of claret wine. That on the 8th day of October, 1869, the plaintiff who, together with his partner, was the importer of said goods, commenced a suit against the defendant in the circuit court of Mobile county, to recover the sum of three thousand dollars damages, alleged to have been sustained by him by reason of

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

the defendant having, as plaintiff alleged, falsely and maliciously charged him, the plaintiff, with importing and receiving said goods in fraud of the revenue laws of the United States, and with aiding in so doing without the payment of the duties of importation, and that said suit was then pending and undetermined in the said circuit court of Mobile county.

That said alleged grievances occurred while the defendant was in the discharge of his official duty as collector aforesaid, and in connection with the seizure of said goods by him as such collector for the alleged violation of the revenue laws of the United States.

The motion to remand the case admits the facts set out in this petition for removal, and proceeds upon the ground that under this state of facts the case was improperly removed, and this court is without jurisdiction over it.

The law under which the removal of the case to this court was made provides, "that in any case where suit or prosecution shall be commenced in a court of any state against any officer of the United States, for or on account of any act done under the revenue laws of the United States or under color thereof, * * * it shall be lawful for the defendant in such suit or prosecution at any time before trial upon petition to the circuit court of the United States for the district in which the defendant shall have been served with process," to cause said suit or prosecution to be removed into said circuit court, and the same "shall be thereafter proceeded in as a cause originally commenced in said court." 4 Stat. 633, § 3.

This provision of the statute is found in what is commonly known as the force act, approved March 2, 1833, and so far as it applies to officers of the United States engaged in the collection of duties on imports, is unaffected by subsequent legislation. Hornthall v. The Collector, 9 Wall. [76 U. S.] 560.

It appears from the petition for the removal of the cause, that the words spoken by defendant, which are the ground of complaint, were spoken by the defendant while in the discharge of his official duties as collector of customs, and in connection with the seizure of goods for alleged violation of the revenue law.

Can these words be considered under the statute as an act done under the revenue laws of the United States? We think they may. In this case they appear to have been spoken in connection with the act of seizure, and in explanation or justification thereof. They therefore become a part of the act, and together with the seizure, form one transaction.

The opposite view would lead to this absurd consequence. The collector could remove from the state courts an action of trespass against him for unlawfully seizing goods under the revenue law, but could not remove an action for slander, based on his verbal order to his subordinate to seize the goods, giving as a reason that they were smuggled, or that the consignees were fraudulently evading the payment of duties. Or, suppose the collector is in the act of seizing goods for alleged violation of the revenue law. The owner or consignee demands to know of him the reason for the seizure, and he replies, "because the goods are smuggled; because you are attempting to cheat the government out of the duties;" could it be fairly claimed that an action against the collector for the seizure could be removed from the state court, while an action for the words spoken could not? The words spoken by the collector, either in giving his reasons for an order to seize goods, or in explanation of a seizure, are a part of the transaction, and we think can fairly be said to be an act done under the revenue laws of the United States.

It is said, however, that the revenue laws do not authorize malicious slander. Neither do they authorize the wrongful seizure of goods, nor the commission of any offense. Yet in both these cases a suit or prosecution for an act done under the revenue laws, or under color thereof, may be removed to the federal court. Such removal is expressly authorized by the statute.

We are of opinion, therefore, that under the facts set out in the petition for the removal of this case, the case was properly transferred to this court, and that this court has jurisdiction thereof. Motion overruled.