TEXAS, The (GIBBS v.). See Case No. 5,385.

## Case No. 13,848.

TEXAS v. TEXAS & P. R. CO.

[3 Woods, 308.] [1]

Circuit Court, E. D. Texas. June Term, 1879.

REMOVAL OF CAUSES—DEFENSE UNDER CONSTITUTION OR LAWS OF UNITED STATES—STATES — PARTY TO CAUSE.

1. Under section 640, Rev. Stat., the right of one of the class of corporations therein mentioned, when sued in a state court, to remove the cause to the federal court does not depend on the citizenship of the parties.
[Cited in Curnow v. Phœnix Ins. Co., 44 Fed. 305.]

2. The truth of averments made by such defendant corporation in its petition for removal. to the effect that it has a defense arising under or by virtue of the constitution or laws of the United States, cannot be inquired into or controverted on a motion to remand the cause to the state court.

3. Under said section the defendant corporation may remove a cause otherwise proper to be removed, from the state to the federal court notwithstanding the fact that a state is plaintiff in the action.

Heard upon motion to remand to the state court.

This case was removed from the district court of Harrison county, Texas, to the United States circuit court at Tyler, then in the Western district of Texas. A motion to remand the cause was argued at the November term, 1878, before Judge T. H. DUVAL, district judge of the Western district, and he held the matter under advisement. In the meanwhile (before Judge DUVAL had decided the motion), by act of congress, the court at Tyler was placed in the Eastern district, and Hon. AMOS MORRILL, the district judge of the Eastern district, became its presiding officer. At the May term, 1879, Judge MORRILL disposed of the pending motion to remand, and in doing so read the following opinion, which had been previously prepared by Judge DUVAL, as expressing also his views of the law.

H. H. Boone, Atty. Gen., and Geo. McCormick, Asst. Atty. Gen., for the State.

F. B. Sexton and W. Stedman, for defendant.

DUVAL, District Judge. This is a suit brought in the district court of Harrison

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

county, state of Texas, on the 26th day of September, 1877. Its object is to recover of the defendant as forfeited certain land grants and reservations made and granted to it by the state of Texas, etc. On the 5th of November, 1877, the defendant filed in said court its petition, verified by oath, alleging that it was a corporation, other than a banking corporation, created, existing, and organized under and by virtue of certain acts of the congress of the United States, and that it had a defense to the said action arising under and by virtue of a law of the United States, to wit, its acts of incorporation and the constitution of the United States, and that the matter in dispute, exclusive of costs, exceeded five hundred dollars. It further offered a bond with good and sufficient security, conditioned according to law, and prayed that the cause might be removed for trial to the circuit court of the United States for the Western district of Texas, at Tyler. To this petition the plaintiff at once filed a general demurrer, and certain special exceptions. On the 12th of November the cause was continued by consent, without prejudice to the motion to remove, and on the 1st of June, 1878, the court rendered judgment, overruling the motion for removal. The defendant thereupon obtained a transcript of the proceedings and filed the same in this court, on the 7th day of October, 1878.

The right of removal in this case is based upon the act of congress of 27th of July, 1868 [15 Stat. 227], section 640 of the Revised Statutes of the United States. It provides as follows: "Any suit commenced in any court other than a circuit or district court of the United States, against any corporation other than a banking corporation, organized under a law of the United States, or against any member thereof, as such member, for any alleged liability of such corporation or of such member as a member thereof, may be removed for trial in the circuit court for the district where such suit is pending, upon the petition of such defendant, verified by oath, stating that such defendant has a defense arising under or by virtue of the constitution, or of any treaty or law of the United States. Such removal, in all other respects, shall be governed by the provisions of the preceding section." The different statutes in regard to the removal of causes from a state to a circuit court of the United States, commencing with the judiciary act of 1789 [1 Stat. 73], and coming down to and including the act of March 3, 1875 [18 Stat. 470], make the right of removal dependent either upon the subject matter involved, or the citizenship of the parties.

In my opinion, the right of removal, under section 640 of the Revised Statutes, is not affected at all by the citizenship of the parties, but depends wholly on the subject matter of the controversy, and the character of the defendant. In other words, if the de-

fendant is a corporation, other than a banking corporation, organized under a law of the United States, it has the right, under section 640, to remove a suit brought against it in a state court to the circuit court of the United States, upon its petition, verified by oath, stating that it has a defense arising under and by virtue of the constitution, or of any treaty or law of the United States, and in such case this right exists independent of the citizenship of the parties, plaintiff or defendant. The defendant herein avers that he has a defense against the action by virtue of a right arising under the laws of congress incorporating it, and the constitution of the United States. The truth of this averment cannot be controverted or inquired into upon a motion to remand. It is a matter for determination on the pleadings and proof at the trial. Mayor v. Cooper, 6 Wall. [73 U. S.] 247. There can be no doubt that congress in giving a corporation other than a banking one, setting up a right or defense under the constitution, or a law of the United States, the right to remove the same from a state court to a United States circuit court, intended to secure the interpretation of such constitution and laws, at the original hearing to its own judiciary, and this, it seems to me, is but just and reasonable, and can work no injury to the plaintiff.

In this case, the defendant has, in my opinion, complied with all the requirements of the different removal acts of congress applicable to his case, entitling him to its removal here. Upon one point alone, arising upon the exceptions of the plaintiff, have I found any difficulty. This is, that the suit being one instituted by the state of Texas, in one of her own courts, and the state, as such, being sovereign and incapable of being sued, is not embraced within the meaning of section 640, allowing the removal of causes by a corporation from the state courts. I am aware that, by the eleventh amendment to the constitution of the United States, no suit can be brought against a state of the Union. But in this case it is the state which brings a suit against a corporation, created by the United States. If the former cannot be sued, it does not follow that, if she brings a suit in a court of her own creation against the latter, congress may not authorize a removal of it to a court of the United States. The United States cannot be sued, and yet under the act of March 3, 1875, it is provided that, in a case wherein the United States is plaintiff in any state court, either party may remove the same into a circuit court. It would seem strange indeed that in cases where the United States was plaintiff in a state court, and the defendant could remove them into a circuit court of the United States, that the same right should not exist where a state was plaintiff in its own court, especially when the construction and interpretation of the constitution or an act of congress was concerned. The language of section 640 is very

broad. It provides for the removal of "any suit" falling within its provisions to the United States circuit court, and I believe it is comprehensive enough to embrace suits brought by a sovereign state as well as by one of its citizens.

From the most careful study and reference to authorities as bearing on this question, I am of the opinion that the motion to remand should be refused, and it is so ordered. If this cause was improperly removed into this court, or if jurisdiction is here entertained of it in which, by law, it can have none, I am glad that it will furnish a ground of appeal to the supreme court of the United States. This, I believe, has been determined in the case of Knapp v. Railroad Co., 20 Wall. [87 U. S.] 117. Motion refused.

TEXAS & N. O. R. CO. (CAMPBELL v.). See Case No. 2,369.

TEXAS & P. R. CO. (HARKEY v.). See Case No. 6,065.

TEXAS & P. R. CO. (HAUGH v.). See Case No. 6,221.

TEXAS & P. R. CO. (TEXAS v.). See Case No. 13,848.

TEXAS PAC. R. CO. (GOHEN v.). See Case Nos. 5,506 and 5,507.

TEXAS PAC. R. CO. (KAIN v.). See Case No. 7,596.

TEXAS RY. CO. (GOHEEN v.). See Case No. 5,507.