## KING BRIDGE COMPANY *v.* OTOE COUNTY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF NEBRASKA.

Submitted January 7, 1887. — Decided January 31, 1887.

An order drawn upon a county treasurer by county officials in favor of A
or order unindorsed, and a like order in favor of A, both assigned by A
to B for a valuable consideration, constitute no cause of action in B's
favor on which B can maintain an action in a Circuit Court of the United
States on the ground of citizenship, if A could not maintain the action
there on the same ground; and if, in such action in B's favor A's neces-
sary qualification of citizenship does not affirmatively appear in the
record in this court, the writ of error will be dismissed whether the ques-
tion of jurisdiction be made or not, and plaintiff in error adjudged to
pay costs in this court.

THIS action was brought, November 10, 1885, by the King
Iron Bridge and Manufacturing Company, a corporation of
Ohio, against Otoe County, in the State of Nebraska, to re-
cover the amount of two county warrants or orders, each
signed by the chairman of the county commissioners of the
county and countersigned by the county clerk. One was dated
October 9, 1878, and directed the "Treasurer of Otoe County
to pay to Z. King, or order, sixteen hundred and five dollars,
and charge to account of special bridge fund," and the other,
dated January 9, 1879, directed the "Treasurer of Otoe County
to pay to Z. King, sixteen hundred and five dollars, and charge
to account of special bridge fund." The first one being pre-
sented for payment on the 23d of October, 1878, was indorsed
by the treasurer, "Presented and not paid for want of funds."
The other was presented on the 15th of January, 1879, and
received a like indorsement. The petition stated, in respect
of each warrant, that it had been for a valuable consideration
"sold, transferred and delivered" by Z. King to the plaintiff,
who sues as the holder and owner thereof.

Judgment was asked for $3210, with ten per cent. interest
on $1605 thereof from October 23, 1878, and for $1605 with
like interest from January 15, 1879.

The defence was the limitation of five years prescribed by the local law for an action "upon a specialty, or any agreement, contract, or promise in writing or foreign judgment." The court below overruled a demurrer to the answer and dismissed the action.

*Mr. N. S. Harwood* and *Mr. John H. Ames* for plaintiff in error.

*Mr. John C. Watson* for defendant in error.

Mr. Justice Harlan, after stating the case as above reported, delivered the opinion of the court.

This case was argued upon the question of limitation. But we have no occasion to consider that question; for it does not appear that the Circuit Court had jurisdiction of the action. Unless the contrary appears affirmatively from the record, the presumption, upon writ of error or appeal, is that the court below was without jurisdiction. *Robertson* v. *Cease*, 97 U. S. 646; *Grace* v. *American Central Ins. Co.*, 109 U. S. 278, 283; *Börs* v. *Preston*, 111 U. S. 252; *Continental Life Ins. Co.* v. *Rhoads*, 119 U. S. 237. That the point as to jurisdiction was not made here by either party is immaterial, because, as said in *Mansfield, &c., Railway Co.* v. *Swan*, 111 U. S. 379, 382, "the rule, springing from the nature and limits of the judicial power of the United States, is inflexible and without exception, which requires this court, of its own motion, to deny its own jurisdiction, and, in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record on which, in the exercise of that power, it is called to act. On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes." See also *Hancock* v. *Holbrook*, 112 U. S. 229, 231.

The act of March 3, 1875, § 1, excludes from the cognizance of a circuit or district court of the United States "any suit founded on contract in favor of an assignee, unless a suit might

have been prosecuted in such court to recover thereon if no assignment had been made, except in cases of promissory notes negotiable by the law merchant, and bills of exchange." One of the warrants is payable to Z. King, and the other to Z. King, or order. The latter is not indorsed by him in blank or to the order of the plaintiff. Plainly, therefore, upon any view of the statute, the plaintiff, as the holder or owner of the warrants, could not maintain a suit in the court below, unless King could have sued in that court, had he not sold the warrants. But it does not appear that King could have maintained the suit. There is no averment as to his citizenship, nor does his citizenship otherwise appear from the record. We must, therefore, presume, on this writ of error, that the Circuit Court was without jurisdiction.

It will be for the court below to determine whether an amendment of the pleadings upon the point of jurisdiction will be proper.

The plaintiff in error must pay the costs in this court. *Peper* v. *Fordyce*, 119 U. S. 469; *Everhart* v. *Huntsville College, ante,* 223.

*Reversed.*