## CURNOW v. PHŒNIX INS. Co.

*(Circuit Court, D. South Carolina.   December 11, 1890.)*

REMOVAL OF CAUSES—MOTION TO REMAND.
Where a cause has been removed from a state to a federal court upon defendant's petition, alleging diverse citizenship, plaintiff's petition to remand, denying the allegation of diverse citizenship, will be treated as a traverse of the petition to remove, and the motion to remand will be decided upon the trial of the issue thus made.

At Law.   Motion to remand.

*J. N. Nathans*, for plaintiff.

*J. P. K. Bryan*, for defendant.

SIMONTON, J.   This action was commenced in the state court.   It has been removed into this court upon the petition of the defendant solely upon the allegation of diverse citizenship.   The plaintiff thereupon filed in this court her petition, in which she denies diverse citizenship, and alleges that she is a citizen of the state of Connecticut, under whose laws the defendant was incorporated.   She now moves to remand the cause to the state court.   The defendant excepts to this mode of proceeding, and insists that the motion to remand admits the facts set out in the petition for removal.   Counsel relies on the cases of *Buttner* v. *Miller*, 1 Woods, 620, and *Texas* v. *Railroad Co.*, 3 Woods, 308; that the only mode of obtaining the relief sought is by plea in abatement, (*Coal Co.* v. *Blatchford*, 11 Wall. 178,) or a traverse of the allegation of citizenship. Whatever may be the result of a motion to remand unsupported by petition or affidavit, the present is not that case.   The plaintiff has filed her petition, denying the statement of the defendant as to the citizenship of the parties, and, alleging that both the plaintiff and defendant are citizens of the same state, bases her motion on these facts.   She challenges the jurisdiction of this court, and gives the ground for the exception.   Under these circumstances it is the duty of the court to examine into the question.   *King Bridge Co.* v. *Otoe Co.*, 120 U. S. 225, 7 Sup. Ct. Rep. 552; *Morris* v. *Gilmer*, 129 U. S. 316, 9 Sup. Ct. Rep. 289; 18 U. S. St. at Large, 472; *Nashua & L. R. Corp.* v. *Boston & L. R. Corp.*, 136 U. S. 373, 10 Sup. Ct. Rep. 1004.   The issue is made up from contradictory statements made by the parties.   Let the petition to remand be filed, and be treated as a traverse of the petition to remove, and let a day be set for the trial of the issue made.