SLOVITER, Circuit Judge,
Dissenting.
I respectfully dissent. I do not reach the court’s conclusion on this perplexing bankruptcy issue because I am convinced that we have no jurisdiction, as the controversy is plainly moot. That is not a matter of choice but of constitutional necessity.
It is axiomatic that “this court has a ‘special obligation’ to satisfy itself of its own jurisdiction.” United States v. Touby, 909 F.2d 759, 763 (3d Cir.1990) (quoting McNasby v. Crown Cork & Seal Co., 832 F.2d 47, 49 (3d Cir.1987)). “[A] case will be considered moot, and therefore nonjus-ticiable as involving no case or controversy, if the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.” In re Surrick, 338 F.3d 224, 229 (3d Cir.2003) (internal quotation marks and citation omitted).
Our analysis of whether a case is moot must begin with “the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.” North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971) (citation omitted).
This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate .... The parties must continue to have a personal stake in the outcome of the lawsuit. This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual-injury traceable to the defendant and likely to be redressed by a favorable judicial decision.
Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (internal quotation marks and citations omitted) (emphasis added).
We have previously stated that in order for there to be a case or controversy, there must be “(1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.” In re Surrick, 338 F.3d at 229-30. The majority seeks to bring this case into the exception to the mootness doctrine recognized in Matter of Kulp Foundry, Inc., 691 F.2d 1125, 1129 (3d Cir.1982), for issues that are capable of repetition yet evading review. I believe that exception is inapplicable.
The issue in the instant case is whether section 521(2)(A) of the Bankruptcy Code requires the debtors to surrender the automobiles for which they were making loan payments, purchase them in a lump sum payment, renegotiate their respective loan agreements, or claim a recognized exemption under the Bankruptcy Code instead of continuing their current payments and maintaining possession. Shortly after this appeal was argued, counsel for the Debtors/Appellants informed the court by letter that “[n]o outstanding balance remains on either of the two loans at this time” because one car was involved in a collision for which the insurance coverage was sufficient to pay the remaining balance on the loan, and the other car was paid for in full by the Appellants. Letter from Andrea G. *380 Green, Counsel for Appellants, to Clerk of Court, at 1 (Mar. 25, 2004). The creditor did not respond by denying “that the other car was paid for in full.” Factually, there is no live controversy — this court’s decision on the issue will have no impact on either party.
In order to satisfy ourselves that we continued to have jurisdiction, we directed that the parties address whether the case is now moot. Surprisingly, the Debtors and the Creditor both took the position that the issue is capable of repetition yet evading review. The Creditor stated, “The question commonly arises when a consumer debtor with a five-year auto loan files for bankruptcy relief.... Because of the time required to prosecute an appeal to this Court, the issue would most probably become moot in such cases, assuming that the debtor continues to make payments to the secured creditor, prior to resolution by this Court.” Letter from W.J. Winterstein, Jr., Counsel for Appellee, to Clerk of Court, at 1 (Apr. 28, 2004) (emphasis added). Significantly, the Creditor did not deny that there was nothing more owing in this case. However, it is understandable why the Creditor would want this court to decide the issue as other debtors may seek the same option the Prices sought and the Creditor resists. Why the Prices took that position is less understandable. One would have assumed that they would prefer to have the case behind them, which leads me to wonder whose interest is being served by their counsel’s insistence that the case is not moot.
The exception to mootness on which the majority relies does not apply here.
As the Supreme Court has stated:
The capable-of-repetition doctrine applies only in exceptional situations where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party[11] will be subject to the same action again.
Spencer, 523 U.S. at 17, 118 S.Ct. 978 (internal citations and quotation marks omitted). It is highly unlikely that the Prices will again face the same situation.
The Supreme Court has stated there must be an “exceptional situation” present to “permit departure from the usual rule in federal cases that an actual controversy must exist at stages of appellate or certio-rari review, and not simply at the date the action is initiated.” DeFunis v. Odegaard, 416 U.S. 312, 319, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974). The Credit Union’s bald assertion that “the issue would most probably become moot in such cases,” supra, is too speculative to warrant characterization as an “exceptional situation.”
The Supreme Court has stated, “The burden of demonstrating mootness ‘is a heavy one.’ ” County of Los Angeles v. Davis, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979) (citing United States v. W.T. Grant Co., 345 U.S. 629, 632-33, 73 S.Ct. 894, 97 L.Ed. 1303 (1953)). This court, in Princeton Community Phone Book, 582 F.2d 706, 710 (3d Cir.1978), stated that the “party arguing that a case is *381 moot must bear a heavy burden of demonstrating the facts underlying that contention.” Id. The majority argues that these “letters from counsel, containing vague assertions as to the satisfaction of the Prices’ loans, [do not] meet the heavy burden of establishing mootness.” Majority Op. at 366 (citing Princeton). This is not surprising as both parties explicitly implore the court to resolve the issue despite the lack of a current controversy.
It may be an open issue as to which party has the burden to show mootness. The Supreme Court has stated:
We presume that federal courts lack jurisdiction “unless ‘the contrary appears affirmatively from the record.’ ” Bender v. Williamsport Area School Dist., 475 U.S. 534, 546, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986), quoting King Bridge Co. v. Otoe County, 120 U.S. 225, 226, 7 S.Ct. 552, 30 L.Ed. 623 (1887). “ ‘It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court’s remedial powers.’ ” Bender, supra, 475 U.S. at 546 n. 8, 106 S.Ct. 1326, quoting Warth v. Seldin, 422 U.S. 490, 517-518, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).
Renne v. Geary, 501 U.S. 312, 316, 111 S.Ct. 2331, 115 L.Ed.2d 288 (1991).
In prior cases, the Court placed the burden on the party claiming mootness who sought to use that claim defensively to preclude suit. See W.T. Grant Co., 345 U.S. at 632-33, 73 S.Ct. 894; Davis, 440 U.S. at 631-32, 99 S.Ct. 1379. In the Second Circuit case relied on by the majority, In re Sokolowski, 205 F.3d 532 (2d Cir.2000), the debtor alone claimed mootness. The opinion does not indicate that the appellant creditor bank conceded there was no outstanding debt.[12] It was therefore reasonable to place the burden on the debtor claiming mootness, as the bank could have been left with no judicial recourse to resolve that issue. In the instant case, both parties concede the fact of actual mootness, and we therefore need not decide which bears the burden.
We cannot avoid the principle that parties cannot stipulate as to whether a matter is moot. Allowing the parties to bypass the mootness issue simply by filing factually vague letter briefs because they desire judicial resolution would be tantamount to stipulating out of mootness. The Supreme Court has stated,
The dissent’s startling statement that our insistence on plaintiffs with live claims is purely a matter of form would read ... Art. Ill out of the Constitution. The availability of thoroughly prepared attorneys to argue both sides of a ... question ... does not dispense with the requirement that there be a live dispute between live parties before we decide such a question.
[T]he fact that the parties desire a decision on the merits does not automatically entitle them to receive such a decision. It is not at all unusual for all parties in a case to desire an adjudication on the merits when the alternative is additional litigation; but their desires can be scarcely thought to dictate the result of our inquiry into whether the merits should be reached.
*382 Kremens v. Bartley, 431 U.S. 119, 134 n. 15, 97 S.Ct. 1709, 52 L.Ed.2d 184 (1977) (internal quotation marks and citations to dissent omitted). It follows that however learned Judge Rendell’s opinion on a subject of some interest and however much light it would spread, it is, at most, an advisory opinion. The Credit Union has not argued that there is still money due it and it can no longer do so at this late date. The Prices have only one automobile now, and the debt for that has been fully paid. Accordingly, I would dismiss this appeal as moot.

. It is not readily apparent which party is the "complaining party” in a bankruptcy proceeding. The Prices filed for relief under Chapter 7, and so initiated proceedings in the federal court system. To protect its interests, the Credit Union filed the Motion to Compel that the District Court granted and the Prices are now appealing. Even if the Credit Union were deemed to be the complaining party, its vague assertion of likelihood of repetition cannot meet the "exceptional situations” standard.

. The majority Opinion states that in In re Sokolowski, the creditor bank conceded that the debtor’s obligations were paid in full, but the Sokolowski opinion contains no suggestion of this concession, nor is there any indication that the court considered or gave credence to any concession. One can reasonably assume that the court decided the mootness issue only on the factual deficiency of the debtor’s proffer, as that is the only reason the opinion provides.