Slip Op. 18-74

# UNITED STATES COURT OF INTERNATIONAL TRADE

<table>
<tr><td>

**ANDRITZ SUNDWIG GMBH,**

    **Plaintiff,**

v.

**UNITED STATES,**

    **Defendant.**

</td><td>

Before: Jennifer Choe-Groves, Judge

Court No. 18-00142

</td></tr>
</table>

## OPINION

[Dismissing this action for lack of subject matter jurisdiction.]

Dated: June 20, 2018

James G. Hurst and Scott L. Johnston, Givens & Johnston, PLLC, and Stacey L. Barnes, Kearney, McWilliams & Davis, PLLC, of Houston, TX, for Plaintiff Andritz Sundwig GMBH.

Justin R. Miller, Senior Trial Counsel, Alexander J. Vanderweide and Hardeep K. Josan, Trial Attorneys, and Amy M. Rubin, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., for Defendant United States. With them on the brief was Chad A. Readler, Acting Assistant Attorney General. Of counsel were Edward N. Maurer and Alexandra Khrebtukova, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, of New York, N.Y.

Choe-Groves, Judge: This matter involves a request seeking the court's intervention to prevent the emergency exportation of machinery in wood packaging material containing an invasive insect species of the family *Siricidae,* commonly known as horntails or woodwasps. Plaintiff Andritz Sundwig GMBH ("Andritz" or "Plaintiff") is a German company that supplies production machinery to steel and aluminum manufacturers. See Aff. Deborah Zink at 1, June 17, 2018, ECF No. 4-1. Andritz is the importer of record for the subject merchandise at issue here: "one complete 4-High Temper Mill (Cold Rolling Mill)" and "one complete S6 High Cold

Rolling Mill" (collectively, "Cargo"). Id. at 2. The Cargo is valued at approximately $39.5 million. See id. Plaintiff commenced this action to obtain judicial review of two Emergency Action Notifications ordering the immediate exportation of the Cargo. See Original Compl. & Appl. TRO, Temp. Inj. & Permanent Inj., June 17, 2018, ECF No. 4 ("Compl."). Before the court is Plaintiff's Application for Temporary Restraining Order, see Appl. TRO, June 17, 2018, ECF No. 5 ("Pl.'s Mot."), and Defendant's cross-motion to dismiss for lack of subject matter jurisdiction under USCIT Rule 12(b)(1). See Teleconference at 0:21:30–0:23:17, June 20, 2018, ECF No. 22. For the reasons explained below, the court denies Plaintiff's motion, grants Defendant's cross-motion, and dismisses this action for lack of subject matter jurisdiction.

### BACKGROUND

The U.S. Department of Agriculture ("USDA") Animal and Plant Health Inspection Service ("APHIS") and the Department of Homeland Security ("DHS") are responsible for enforcing the Plant Protection Act, 7 U.S.C. §§ 7701 et seq.[1] APHIS and DHS have the authority to regulate certain animal- and plant-related issues, including wood packaging material used for the importation of goods into the United States. If the wood packaging material is not properly treated and marked, then a port inspector may order immediate re-exportation. See 7 C.F.R. § 319.40–3(b)(3) (2018).[2]

The Cargo at issue in this case arrived in the United States on June 8, 2018, listed on two bills of lading numbered BBCH1222001AH01 and BBCH1222001AH02. See Compl. ¶¶ 9, 13.

---

[1] All further citations to the U.S. Code are to the 2012 edition.

[2] All further citations to the Code of Federal Regulations are to the 2018 edition.

Andritz received Emergency Action Notification ("EAN") 96081 on June 11, 2018 in relation to

Bill of Lading BBCH1222001AH01.  See id. ¶ 12.  Plaintiff received EAN 96733 in relation to

Bill of Lading BBCH1222001AH02 on June 13, 2018.  See id. ¶ 13.  EAN 96733 states, in

relevant part:

> U.S. DEPARTMENT OF AGRICULTURE
> ANIMAL PLANT HEALTH INSPECTION SERVICE
> PLANT PROTECTION AND QUARANTINE
> **EMERGENCY ACTION NOTIFICATION**
> . . . .
> Under sections 411, 412, and 414 of the Plant Protection Act (7 USC 7711, 7712, and 7714) . . . , you are hereby notified, as owner or agent of the owner of said carrier, premises, and/or articles, to apply remedial measures for the pest(s), noxious weeds, and/or article(s) specified . . . in a manner satisfactory to and under the supervision of an Agriculture Officer.
> . . . .
> A contaminant was found on this shipment.  The shipment must be re-exported or destroyed.
> . . . .
> Cargo and/or solid wood packing material (SWPM) in this shipment are infested with live pests.

Emergency Action Notification 96733, June 17, 2018, ECF No. 5-2 ("June 13 EAN").  Officers

at the Port of Houston found *Siricidae* present in the packing material.  See id.; see generally 19

C.F.R. § 340.2(a) (listing *Siricidae* as an organism that are or contain plant pests).  Due to the

discovery of these insects, both EANs required Andritz to either destroy or re-export the subject

merchandise within seven days.  See June 13 EAN; see also Compl. ¶¶ 12–13.

Andritz filed a protest with U.S. Customs and Border Protection ("Customs") on June 15,

2018 and requested an accelerated disposition in the matter pursuant to 19 C.F.R § 174.22.  See

Protest, June 17, 2018, ECF No. 5-2.  Plaintiff commenced this action on June 17, 2018.  See

Summons, June 17, 2018, ECF No. 1; Compl.

Andritz asserts two claims against the Government in its complaint. See Compl. ¶¶ 28–33. Plaintiff's first count seeks "judicial review of the denial of its protest of the EANs made pursuant to 19 U.S.C. § 1514(c), and the effective immediate exportation of the Cargo" by Customs. See id. ¶ 29. Plaintiff's second claim asks for "a declaratory judgment that the EANs are invalid and vacated. . . ." See id. ¶ 31. Andritz requests that the court require separation of the Cargo from the wood packing material and allow Andritz to fumigate the Cargo. See id. Andritz filed its Application for Temporary Restraining Order on June 17, 2018. See Pl.'s Mot.

**DISCUSSION**

Before discussing Plaintiff's Application for Temporary Restraining Order on the merits, the court must first determine whether it possesses subject matter jurisdiction over this action. The court will examine subject matter jurisdiction for the purposes of both Plaintiff's and Defendant's motions.

The U.S. Court of International Trade, like all federal courts, is one of limited jurisdiction and is "presumed to be 'without jurisdiction' unless 'the contrary appears affirmatively from the record.'" DaimlerChrysler Corp. v. United States, 442 F.3d 1313, 1318 (Fed. Cir. 2006) (quoting King Iron Bridge & Mfg. Co. v. Otoe Cty., 120 U.S. 225, 226 (1887)). The party invoking jurisdiction must "allege sufficient facts to establish the court's jurisdiction," id. (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936)), and therefore "bears the burden of establishing it." Norsk Hydro Can., Inc. v. United States, 472 F.3d 1347, 1355 (Fed. Cir. 2006). The Court is empowered to hear civil actions brought against the United States pursuant to the specific grants of jurisdiction enumerated under 28 U.S.C. § 1581(a)–(i). The court must draw all reasonable inferences in Plaintiff's (the non-movant's) favor when

deciding Defendant's motion to dismiss.  See Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995).

Plaintiff pleads jurisdiction on the basis of 28 U.S.C. § 1581(a), see Compl. ¶ 3,[3] which grants this Court "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." [4]  28 U.S.C. § 1581(a). The Tariff Act establishes a process for the administrative review of protests.  The statute directs Customs to assess the protests in a timely manner.  19 U.S.C. § 1515.  If a party requests accelerated disposition of a protest, Customs has thirty days to render a final decision.  See id.; see also 19 C.F.R. § 174.22.  A party may protest specific actions taken by Customs by statute, including:

> [A]ny clerical error, mistake of fact, or other inadvertence, whether or not resulting from or contained in an electronic transmission, adverse to the importer, in any entry, liquidation, or reliquidation, and, decisions of the Customs Service, including the legality of all orders and findings entering into the same, as to--
>
>> (1) the appraised value of merchandise;
>>
>> (2) the classification and rate and amount of duties chargeable;
>>
>> (3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;
>>
>> (4) **the exclusion of merchandise from entry or delivery or a demand for redelivery to customs custody under any provision of the**

---

[3] Plaintiff's complaint also asserts 28 U.S.C. § 1331 as an alternative basis for jurisdiction, see Compl. ¶ 4, but does not reiterate this statement in its application for a temporary restraining order.  See Pl.'s Mot. 2 (citing only 28 U.S.C. § 1581(a) for court's jurisdiction over this action). To the extent Plaintiff continues to plead 28 U.S.C. § 1331, its allegation is improper.  That provision grants the district courts with original subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  This Court is one of limited jurisdiction by statute, and therefore Plaintiff's invocation is erroneous.

[4] All further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code.

**customs laws,** except a determination appealable under section 1337 of this title;

(5) the liquidation or reliquidation of an entry, or reconciliation as to the issues contained therein, or any modification thereof, including the liquidation of an entry, pursuant to either section 1500 of this title or section 1504 of this title;

(6) the refusal to pay a claim for drawback; or

(7) the refusal to reliquidate an entry under subsection (d) of section 1520 of this title.

19 U.S.C. § 1514(a) (emphasis added).

Although this case potentially involves "the exclusion of merchandise from entry" under subsection (4), it is not a decision by Customs made "under any provision of the customs laws." Andritz's underlying cause of action does not stem from its protest, but rather the EANs. The EANs themselves list USDA as the supervisory agency and cite to the Plant Protection Act and regulations promulgated thereunder. The EANs represent one aspect of the agency's efforts to enforce the Plant Protection Act and to safeguard "the agriculture, environment, and economy of the United States." 7 U.S.C. § 7701. Because the protest does not involve the exclusion of merchandise pursuant to customs laws, but rather agricultural laws, it is not a proper protest according to 19 U.S.C. § 1514(a) and is not reviewable by this Court.

Plaintiff further raised 28 U.S.C. § 1581(i)(4) as a potential avenue for jurisdiction over this matter. Subsection (i) provides for the Court's residual jurisdiction, and encompasses the "administration and enforcement with respect to matters referred to" in the statute. 28 U.S.C. § 1581(i)(4). As stated before, subsection (a) is not available to Plaintiff because its cause of action primarily relates to the enforcement of agricultural laws, not customs laws. The court concludes further that none of the other jurisdictional bases present in 28 U.S.C. § 1581 are

applicable.  Therefore, Plaintiff may not utilize 28 U.S.C. § 1581(i)(4) as a basis for jurisdiction in this matter.

Claims originating from the Plant Protection Act are properly filed in the U.S. district courts.  See 7 U.S.C. § 7736(a) ("The United States district courts . . . are vested with jurisdiction in all cases arising under this chapter.").  As stated before, the U.S. Court of International Trade is a court of limited jurisdiction, and may only hear cases pursuant to specific statutory grants of authority.  It is clear that under the applicable provisions of the Plant Protection Act, jurisdiction does not lie with the U.S. Court of International Trade.  Therefore, this court is not the proper forum for Plaintiff's claims.  Because this Court does not have subject matter jurisdiction over Plaintiff's cause of action to the extent that it challenges the EANs and enforcement of the Plant Protection Act, the court does not reach the merits of Plaintiff's motion and dismisses the case.

**CONCLUSION**

For the aforementioned reasons, the court concludes it does not have subject matter jurisdiction over Plaintiff's cause of action at this time.

28 U.S.C. § 1631 allows the court to transfer an action if it finds that "there is a want of jurisdiction" and "if it is in the interest of justice."  28 U.S.C. § 1631.  The court determines here that it does not have subject matter jurisdiction.  Given the extenuating circumstances that Plaintiff faces with the immediate re-exportation of its merchandise, the court finds that it is in the interest of justice to transfer the case to the U.S. District Court for the Southern District of Texas.  Accordingly, upon consideration of Plaintiff's and Defendant's motions, and all other papers and proceedings in this action, it is hereby

**ORDERED** that Plaintiff's Application for Temporary Restraining Order is denied; and it is further

**ORDERED** that Defendant's Cross-Motion to Dismiss for Lack of Subject Matter Jurisdiction is granted; and it is further

**ORDERED** that this case is transferred to the U.S. District Court for the Southern District of Texas.

/s/    Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated:    June 20, 2018
New York, New York